828 P.2d 891

STATE of Idaho, Plaintiff–Respondent,

v.

Albert Ray BEAM, Defendant–Appellant.

No. 18874.

Supreme Court of Idaho,
Boise, September 1991 Term.

March 30, 1992.

Lynn, Scott, Hackney & Jackson, Boise, for appellant. J. Gardiner Hackney, Jr., argued.

Larry J. EchoHawk, Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for respondent. Lynn E. Thomas, argued.

McDEVITT, Justice.

## I.

## BACKGROUND

This case arises from the murder of Mondi Lenten. The appellant was convicted of first degree murder and sentenced to death. Appellant appealed this conviction and sentence and this Court affirmed. *State v. Beam,* 109 Idaho 616, 710 P.2d 526 (1985), *cert. denied,* 476 U.S. 1153, 106 S.Ct. 2260, 90 L.Ed.2d 704 (1986). Appellant then filed a petition for post-conviction relief. The district court denied relief and this Court affirmed. *State v. Beam,* 115 Idaho 208, 766 P.2d 678 (1988), *cert. denied,* 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989). Finally, appellant filed a motion to correct illegal sentence pursuant to I.C.R. 35. Appellant claimed that his sentence was illegally imposed because the district court did not weigh each aggravating circumstance against all mitigating circumstances, in accordance with this Court's holding in *State v. Charboneau,* 116 Idaho 129, 774 P.2d 299 (1989). The district court denied the motion, ruling that it did comply with the *Charboneau* balancing test. Specifically, it quoted from the sentencing judge's findings:

> In fact, because of the gravity of the offense and the strong factors weighing against any possibility of rehabilitation, any one of the aggravating circumstances found by this Court to exist outweighs the mitigating circumstances.

The district court rejected the appellant's contention that this language was surplusage.

Appellant appeals from the district court's denial of the I.C.R. 35 motion.

## II.

## APPLICABILITY OF I.C. § 19–2719 OR I.C.R. 35 TO THE CLAIM OF ILLEGAL SENTENCE

The pertinent provision of I.C. § 19–2719 reads:

> (3) Within forty-two (42) days of the filing of the judgment imposing the punishment of death, and before the death warrant is filed, the defendant must file any legal or factual challenge to the sentence or conviction that is known or reasonably should be known.

The pertinent language of I.C.R. 35 reads: "[t]he court may correct an illegal sentence at any time...."

Our state constitution provides that "[t]he jurisdiction of such inferior courts shall be as prescribed by the legislature." Idaho Const. art. 5, § 2. Furthermore,

> The legislature shall have *no power* to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government....

Idaho Const. art. 5, § 13 (emphasis added).

The legislature has acknowledged and codified the rule making authority of the Idaho Supreme Court:

> The inherent power of the Supreme Court to make rules governing *procedure* in all the courts of Idaho is hereby recognized and confirmed.

I.C. § 1–212 (emphasis added).

A careful reading of the Constitution of the State of Idaho and the legislature's codification of the Idaho Supreme Court's rule making power, reveals that this Court's rule making power goes to *procedural,* as opposed to *substantive,* rules. This Court has stated that "where conflict exists between statutory criminal provisions and the Idaho Criminal Rules in matters of procedure, the rules will prevail." *State v. Currington,* 108 Idaho 539, 541, 700 P.2d 942, 944 (1985). The question, then, that we must answer is whether the conflict between I.C. § 19–2719 and I.C.R. 35 is one of procedure or of substance, and not whether the sentence itself is illegal.

The distinction between procedure and substance was well stated in *Currington,* 108 Idaho at 541, 700 P.2d at 944:

> Although a clear line of demarcation cannot always be delineated between what is

substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus *creates, defines, and regulates primary rights.* In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

Quoting *State v. Smith,* 84 Wash.2d 498, 501, 527 P.2d 674, 676–77 (1974) (emphasis added).

Chapter 27, title 19 of the Idaho Code, entitled "Execution," provides the basis upon which a sentence of death can be carried out in the state of Idaho. The provision we are dealing with, I.C. § 19–2719(3), which specifically provides for challenges to a sentence of death, is an absolutely fundamental and integral part of chapter 27, title 19, Idaho Code. Without a provision for challenging a sentence of death, a person who has received a sentence of death might be denied due process of law under the Constitution of the State of Idaho and the United States Constitution. Furthermore, I.C. § 19–2719(3) provides the finality required by the United States Supreme Court in order for a person sentenced to death in the state of Idaho to bring federal habeas actions in the United States District Court. *See Coleman v. Thompson,* — U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The purposes served by I.C. § 19–2719(3) "ensure that death sentences are not carried out so as to arbitrarily deprive a defendant of his [or her] life." *State v. Rhoades,* 121 Idaho 63, 72, 822 P.2d 960, 969 (1991).

On the other hand, I.C.R. 35 is not peculiar to the sentence of death. Instead, I.C.R. 35 applies generally to criminal sentences.

Because of the unique nature of the death penalty, as provided in chapter 27, title 19, Idaho Code, as well as the stringent constitutional protections afforded to a person sentenced to death, we hold that I.C. § 19–2719(3), which, in turn, creates,

defines, and regulates a primary right, is a substantive rule.

Therefore, we conclude that the forty-two (42) day time limitation of I.C. § 19–2719(3) applies to claims of illegality of a sentence of death.

The appeal from the district court's denial of appellant's I.C.R. 35 motion is hereby dismissed.

BAKES, C.J., and JOHNSON and BOYLE, JJ., concur.

BISTLINE, Justice, dissenting.

I

We recently said in *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991), that "I.C.R. 35 allows the trial court to correct an illegal sentence at any time, on the motion of either the defendant or the state." *Martin,* 119 Idaho at 579, 808 P.2d at 1324. However, while the majority does concede that this Court does have the ultimate authority to promulgate rules of criminal procedure, it avoids its undesired result of applying our Rule 35 in Beam's case by pretending that the I.C. § 19–2719(3) forty-two day time limit applies here because that statute creates "substantive rights."

According to the majority, "[s]ubstantive law prescribes norms for societal conduct and punishments for violations thereof.... In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated." Op. at 893, *quoting State v. Currington,* 108 Idaho 539, 540, 700 P.2d 942, 943 (1985), *quoting State v. Smith,* 84 Wash.2d 498, 527 P.2d 674, 676–77 (1974). Notably absent from the majority's opinion is the text of I.C. § 19–2719(3). The reason for its absence is apparent upon close review:

**19–2719. Special appellate and post-conviction procedure for capital cases—Automatic stay.**—The following special *procedures* shall be interpreted to accomplish the purpose of eliminating unnecessary delay in carrying out a valid death sentence.

(3) Within forty-two (42) days of the filing of the judgment imposing the punishment of death, and before the death warrant is filed, the defendant must file any legal or factual challenge to the sentence or conviction that is known or reasonably should have been known.

(Emphasis added.)

The perspicacious reader will have by now noted that the statute purports to establish *procedures* by which a capital sentence is reviewed. Nowhere in the statute is stated an intent to create any special *substantive* rights and, in fact, it does not create any such rights. It establishes *procedures* and only *procedures*. By no reach of the imagination does I.C. § 19–2719(3) pertain to anything besides the mechanical operations of the court; any representation to the contrary patently is a misrepresentation. Because the Court does have the inherent power to make the rules governing procedure, as the legislature has recognized in I.C. § 1–212, I.C. § 19–2719(3) is void to the extent it conflicts with I.C.R. 35.[1] "[W]here conflict exists between statutory criminal procedure and the Idaho Criminal Rules in matters of procedure, the rules will prevail." *State v. Currington,* 108 Idaho at 541, 700 P.2d at 944.

## II

The substance of Beam's claim is not contained anywhere in I.C. § 19–2719, but rather in I.C. § 19–2515(c), which provides:

(c) Where a person is convicted of an offense which may be punishable by death, a sentence of death shall not be imposed unless the court finds at least one (1) statutory aggravating circumstance. Where the court finds an aggravating circumstance the court shall sentence the defendant to death *unless the court finds that mitigating circumstances which may be presented outweigh the gravity of any aggravating circumstance found and make the im-*

*position of death unjust.* (emphasis added)

This Court has interpreted that statute as follows:

[T]he trial court may sentence the defendant to death, only if the trial court finds that all the mitigating circumstances do not outweigh the gravity of each of the aggravating circumstances found and make the imposition of death unjust.

*State v. Charboneau,* 116 Idaho 129, 153, 774 P.2d 299, 333 (1989).

The record here shows that the sentencing court judge found that *"because of the gravity of the offense and the strong factors against any possibility of rehabilitation,* any one of the aggravating circumstances outweighs the mitigating circumstances." (Emphasis added.) That weighing process does not comply with our teachings in *Charboneau.* The judge did not weigh all the mitigating factors against each of the aggravating factors; he weighed the mitigating factors against each aggravating factor *plus* "the gravity of the offense and the strong factors against any possibility of rehabilitation." The court must weigh each of the aggravating circumstances and nothing else against all of the mitigating circumstances. *Charboneau,* 116 Idaho at 153, 774 P.2d at 333.

Additionally, the "gravity of the offense" is totally irrelevant in this context. The fact that first degree murder is the gravest offense is itself the reason the death penalty may be considered. Accordingly, the gravity of the offense cannot serve as an independent reason for imposing the death penalty. To justify the imposition of the death penalty there must be aggravating circumstances in addition to the gravity of the offense.

## III

Beam's sentence is clearly illegal under *Charboneau* and he properly and timely

---

**1.** Further, the majority totally fails to discuss the portion of the forty-two day rule which limits its reach to those issues which are known or reasonably should be known. The district court made no finding as to whether the issue raised by Beam was known or should have been known by him. Even assuming *arguendo* that the statute is valid, it is impossible to conceive how the majority can dismiss the case as being untimely absent such a finding.

raised the issue in the I.C.R. 35 motion. I respectfully decline the honor of being party to the majority's creation of a "death penalty exception" to I.C.R. 35, thus allowing a human being to be executed pursuant to a clearly illegal sentence.