80 P.3d 1021

**George Junior PORTER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 28361.

Supreme Court of Idaho,
Boise, May 2003 Term.

Nov. 3, 2003.
Rehearing Denied Dec. 19, 2003.

George J. Porter, pro se, Boise.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

TROUT, Chief Justice.

A motion to dismiss an inmate's third petition for post-conviction relief is before the Court. George J. Porter appealed pro se the district court's order granting the State of Idaho's motion for summary dismissal of his third petition for post-conviction relief and the State has now filed a motion to dismiss that appeal based upon Idaho Code § 19–

2719. Because the post-conviction claims raised by Porter were known or reasonably should have been known at the time he filed his first petition for post-conviction relief, he is barred from raising those claims in this third petition for post-conviction relief. Thus, pursuant to I.C. § 19–2719(11), we grant the State's motion to dismiss this appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1990, George J. Porter was convicted of first-degree murder and sentenced to death. He filed a petition for post-conviction relief and this Court affirmed his conviction, sentence, and denial of post-conviction relief in *State v. Porter*, 130 Idaho 772, 948 P.2d 127 (1997). In May 1998, Porter initiated federal habeas proceedings and during that litigation filed his first successive post-conviction petition in May 1999. The district court found he failed to meet the requirements of I.C. § 19–2719, and dismissed the petition. Pursuant to the State's motion to dismiss, this Court dismissed his appeal in August 2001. *Porter v. State*, 136 Idaho 257, 32 P.3d 151 (2001) ("*Porter II* ").

Prior to this Court's ruling in *Porter II*, Porter filed a third petition for post-conviction relief on June 11, 2001. Porter's petition is based on two ineffective assistance of counsel claims and a contention that the State withheld exculpatory evidence. The State moved to dismiss, arguing again that the petition did not meet the criteria of I.C. § 19–2719, and the district court granted the State's motion to dismiss. Porter filed this appeal pro se and the State has filed a motion to dismiss the appeal pursuant to I.C. § 19–2719, contending this Court is without jurisdiction to hear the appeal.

## II.

## STANDARD OF REVIEW

The procedure for post-conviction review in capital cases is contained in I.C. § 19–2719. *Porter*, 136 Idaho at 259–262, 32 P.3d at 153–156. The statute provides the defendant with one opportunity to raise all challenges to the conviction and sentence in a petition for post-conviction relief, except in those unusual cases where it can be demonstrated that the issues were not known and reasonably should not have been known within the time frame allowed by the statute. I.C. § 19–2719(5). A claim that reasonably should be known immediately upon the completion of the trial is deemed waived if it is not raised in the first post-conviction petition. *See Fields v. State*, 135 Idaho 286, 290, 17 P.3d 230, 234 (2000). Thus, we review the allegations in Porter's successive petition to determine whether his claims were known or reasonably should have been known within statutory time limits established in I.C. § 19–2719. If such claims are barred, no appeal on the merits will be heard, and we will dismiss the successive petition. I.C. § 19–2719(11).

## III.

## DISCUSSION

**A. Porter's claims: ineffective assistance of counsel and prosecutorial misconduct.**

Porter raises two ineffective assistance of counsel claims in the current petition. First, Porter contends his trial counsel was ineffective when he failed to challenge State's exhibit 69, a cutting from a black guitar case which contained blood type A, by filing a motion for funds to hire a criminalist to review Alan Spanbauer's and Ann Bradley's blood analysis. Porter argues that because his post-conviction counsel was granted limited resources, it was not until 2000, when funds were made available to him to obtain a criminalist to do a full review as part of his federal habeas petition, that he discovered trial counsel's ineffectiveness. Second, Porter claims his trial counsel failed to follow his instructions to "investigate, develop, submit and argue potentially material exculpatory evidence based upon Spanbauer's erroneous misleading blood type A finding, including Bradley's erroneous misleading genetic characteristic marker testing conclusions."

Porter also contends the State withheld exculpatory evidence, including "[e]vidence of notes made on worksheets" and "[e]vidence that Ann R. Bradley could not have reached her conclusions ... based upon her reliance upon Spanbauer's conclusions." Porter argues that he could not have known of this evidence until sufficient funds and resources were available to him.

The State argues that each of the bases for Porter's third petition was known or reasonably should have been known at the time Porter filed his first post-conviction petition. Regarding the first claim of ineffective assistance of counsel, the State counters that all of Porter's requests for funds to assess the effectiveness of trial counsel's preparation and cross-examination of the State's expert witnesses on blood, hair, footprints, etc., were granted in his first post-conviction proceeding. With respect to the second ineffective assistance of counsel claim, the State argues that Porter knew at the time of the first post-conviction proceeding whether trial counsel followed his directions or not. The State also argues that this same argument was made in the first petition, and was therefore known. And in response to Porter's prosecutorial misconduct claim, the State asserts that the notes Porter claims were withheld from him were actually attached to a report addressed to his post-conviction counsel on February 10, 1995. Thus, according to the State, Porter had possession of the notes by the time of his first post-conviction proceeding. The district court agreed with the State and dismissed Porter's third post-conviction petition for failure to comply with the mandates of I.C. § 19–2719.

## B. Porter's successive petition is barred by I.C. § 19–2719.

■ Idaho Code § 19–2719 provides a capital defendant one opportunity to raise all challenges to a conviction and sentence in a petition for post-conviction relief unless it can be demonstrated that claims raised in a successive petition were not known and reasonably should not have been known within forty-two days of the entry of the judgment of conviction. I.C. § 19–2719(5); see Pizzuto v. State, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995). A petitioner bringing a successive petition for post-conviction relief has a heightened burden and must make a prima facie showing that issues raised in that petition fit within the narrow exception provided by I.C. § 19–2719(5). Paz v. State, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). A successive petition for post-conviction relief that is not within the exception of I.C. § 19–2719(5) "shall be dismissed summarily." I.C. § 19–2719(11). Porter has failed to meet his burden, because the claims he raised were either known or reasonably should have been known at the time he filed his first post-conviction petition.[1]

### 1. Ineffective Assistance of Counsel Claims

■ Porter's two ineffective assistance of counsel claims do not fall within the exception of I.C. § 19–2719(5). The district court noted that Porter has previously challenged at trial, on appeal, and on previous post-conviction proceedings how the blood sample on the black guitar case (State's exhibits 69 and 2) was obtained and tested. In addition, the district court noted that Porter has already raised the issue of disparate resources in the federal habeas petition and first successive post-conviction petition. Moreover, all of Porter's requests for funds to assess the effectiveness of trial counsel's preparation and cross-examination of the State's expert witnesses were granted in his first post-conviction proceeding. As for the second ineffective assistance of counsel claim, Porter should have known at the time of the first post-conviction proceeding whether trial counsel followed his directions or not.[2] And

1. Porter also challenges the constitutionality of I.C. § 19–2719 for the first time on appeal. This challenge is baseless, as we have repeatedly upheld the constitutionality of I.C. § 19–2719. See, e.g., Creech v. State, 137 Idaho 573, 576–77, 51 P.3d 387, 390–91 (2002).

2. Porter's counsel during his first post-conviction proceedings was different from trial counsel. This satisfied the requirement that Porter be afforded the ability to consult with different counsel on appeal in order to obtain an objective assessment of trial counsel's performance. See I.C. § 19–2719A and Idaho Criminal Rule 44.2 (providing such requirement).

as the State points out, this same argument was made in the first petition, and was therefore known.

Clearly, the basis for Porter's present claims were known or should have been known to him in the earlier proceedings. *See Pizzuto*, 127 Idaho at 472, 903 P.2d at 61 (stating claim of ineffective assistance of trial counsel is one that should reasonably be known immediately upon the completion of trial). As such, the district court correctly dismissed the petition pursuant to I.C. § 19–2719(11).

### 2. Prosecutorial Misconduct Claim

■ Porter's prosecutorial misconduct claim also fails to satisfy the exception of I.C. § 19–2719(5). The notes that were allegedly withheld from Porter were in fact attached to the report of a defense expert and played a role in the 1995 post-conviction evidentiary hearing. Therefore, the notes were known or reasonably should have been known by Porter at the time of the earlier post-conviction proceedings, and the district court correctly dismissed the petition pursuant to I.C. § 19–2719(11).

### IV.

### CONCLUSION

Because the ineffective assistance of counsel and prosecutorial misconduct claims raised by Porter were known or reasonably should have been known at the time he filed his first petition for post-conviction relief, he is barred from raising those claims in this third petition for post-conviction relief. Accordingly, pursuant to I.C. § 19–2719(11), we hold that Porter has waived his claims pursuant to the statute, and grant the State's motion to dismiss Porter's appeal.

Justices SCHROEDER, KIDWELL, EISMANN and Justice Pro Tem WALTERS concur.