STATE of Idaho, Plaintiff–Respondent,

v.

Richard A. LEAVITT, Defendant–Appellant.

Richard A. Leavitt, Plaintiff–Appellant,

v.

State of Idaho, Defendant–Respondent.

Nos. 29158, 29159.

Supreme Court of Idaho,
Boise, March 2005 Term.

Aug. 31, 2005.

Andrew Parnes, Ketchum, and Nevin, Benjamin & McKay LLP, Boise, for appellant. Andrew Parnes argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. LaMont Anderson argued.

SUBSTITUTE OPINION, THE COURT'S PRIOR OPINION DATED JUNE 15, 2005 IS HEREBY WITHDRAWN

EISMANN, Justice.

Richard Leavitt challenges his death sentence on the ground that the jury was not involved in the sentencing process. In his criminal case, he filed a motion to correct an illegal sentence, contending that his death sentence was illegal because the jury was not involved in the sentencing. He also filed a successive petition for post-conviction relief raising the same issue. He lost in the district court and then appealed. Because both claims are barred by Idaho Code § 19–2719, we dismiss his appeal.

## I. FACTS AND PROCEDURAL HISTORY

*State v. Leavitt.* On September 25, 1985, a jury found Richard A. Leavitt (Leavitt) guilty of murder in the first degree for the brutal killing of Danette Elg. After a sentencing hearing, the district court on December 19, 1985, imposed the death sentence. Leavitt appealed, and on May 30, 1989, this Court affirmed Leavitt's conviction, but vacated his death sentence. *State v. Leavitt,* 116 Idaho 285, 775 P.2d 599 (1989) (*Leavitt I*). This Court upheld the trial court's finding of the statutory aggravating factor that the murder was especially heinous, atrocious or cruel, manifesting exceptional depravity, but held that the trial court had failed to adequately weigh all mitigating circumstances against that factor and had failed to consider alternative sentences, such as long-term penal incarceration. The case was remanded for resentencing.

On remand, Leavitt was again sentenced to death. The trial court found that all mitigating circumstances did not outweigh the aggravating factor that the murder was especially heinous, atrocious or cruel, manifesting exceptional depravity. Leavitt appealed, and this Court upheld his death sentence. *State v. Leavitt,* 121 Idaho 4, 822 P.2d 523 (1991), *cert. denied* 506 U.S. 972, 113 S.Ct. 460, 121 L.Ed.2d 368 (1992).

On August 1, 2002, Leavitt filed a motion pursuant to Idaho Criminal Rule 35 to cor-

rect an illegal sentence. Under that rule, "[t]he court may correct an illegal sentence at any time." He contended that based upon *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), his death sentence was illegal because the judge, not a jury, found the existence of an aggravating factor and determined his sentence. By order entered on October 28, 2002, the district court denied the motion based upon our decision in *State v. Beam*, 121 Idaho 862, 828 P.2d 891 (1992). Leavitt timely appealed the denial of his motion under Rule 35.

*Leavitt v. State.* On February 19, 1986, Leavitt filed a petition for post-conviction relief. Following an evidentiary hearing, the district court denied the petition. Leavitt appealed, that appeal was consolidated with his appeal in *Leavitt I,* and this Court affirmed the denial of the petition.

On August 1, 2002, Leavitt filed a second petition for post-conviction relief. He alleged that under *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), his death sentence must be set aside because the district court, rather than a jury, found the aggravating factor upon which the sentence was based and sentenced Leavitt to death. The State moved to dismiss the petition on the grounds: (1) that under Idaho Code § 19–2719(5)(c)[1] the decision in *Ring* could not provide a basis for post-conviction relief; and (2) that under Idaho Code § 19–4901(b)[2] the alleged claim for post-conviction relief was forfeited because it could have been raised in the direct appeal from Leavitt's sentence. On November 19, 2002, the district court granted the State's motion to dismiss Leavitt's petition for post-conviction relief. It held that under Idaho Code § 19–2719(5)(c), the new rule of law announced in *Ring* could not be applied retroactively to provide a basis for a successive petition for post-conviction relief. Leavitt then timely appealed.

## II. ANALYSIS

■ *State v. Leavitt.* In his criminal case, Leavitt filed a motion under Rule 35 of the Idaho Criminal Rules to correct an illegal sentence. He contended that his death sentence was illegal because a judge rather than the jury had found the existence of an aggravating factor necessary to the imposition of the death sentence. The district court denied the motion based upon *State v. Beam*, 121 Idaho 862, 828 P.2d 891 (1992). In that case, Beam had been convicted of murder and sentenced to death. Years after his death sentence was affirmed on appeal, he filed a motion to correct an illegal sentence, contending that his death sentence was illegal because the district judge had not followed the law by weighing each aggravating factor against all mitigating circumstances. This Court held that the forty-two day time limitation in Idaho Code § 19–2719(3), not Rule 35, applies to claims of illegality of a death sentence. That statute provides, "Within forty-two (42) days of the filing of the judgment imposing the punishment of death, and before the death warrant is filed, the defendant must file any legal or factual challenge to the sentence or conviction that is known or reasonably should be known." We therefore dismissed Beam's appeal. Likewise, in *McKinney v. State*, 133 Idaho 695, 705, 992 P.2d 144, 154 (1999), we stated, "I.C.R. 35 applies to criminal sentences in general, but is superseded in death sentences by I.C. § 19–2719." Because Rule 35 does not apply to Leavitt's challenge to his death sentence, we dismiss his appeal from the denial of his motion to correct an illegal sentence. *State v. Beam*, 121 Idaho 862, 828 P.2d 891 (1992).

1. Idaho Code § 19–2719(5)(c) states, "A successive post-conviction pleading asserting the exception [to the requirement that the petition must be filed within forty-two days after the judgment imposing the punishment of death] shall be deemed facially insufficient to the extent it seeks retroactive application of new rules of law."

2. Idaho Code § 19–4901(b) provides in part:

Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

898

*Leavitt v. State.* On August 1, 2002, Leavitt filed a second petition for post-conviction relief, contending that his death sentence was illegal under *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). The district court denied him relief on the ground that under Idaho Code § 19–2719(5)(c), *Ring v. Arizona* could not be applied retroactively to Leavitt's case. We affirm the district court's holding on an alternative ground. The holding in *Ring v. Arizona* does not apply retroactively under federal law. *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004); *Porter v. State,* 140 Idaho 780, 102 P.3d 1099 (2004). We therefore do not address Leavitt's challenges to § 19–2719(5)(c).

Leavitt also contends that the Idaho Constitution requires jury participation in capital sentencing. During oral argument on the first appeal from his conviction, Leavitt asked and was granted permission to submit a supplemental brief addressing that issue. On September 19, 1988, he submitted the brief in which he argued, based upon the dissents of Justices Huntley and Bistline in *State v. Creech,* 105 Idaho 362, 670 P.2d 463 (1983), that the Idaho Constitution required jury participation in capital sentencing. He lost that argument in his first appeal and now seeks to raise it again.

"Any claims actually asserted on direct appeal are barred as res judicata, and any claims raised in a prior application for post-conviction relief are barred by operation of Idaho Code § 19–2719(5)." *Row v. State,* 135 Idaho 573, 576, 21 P.3d 895, 898 (2001). Leavitt previously raised this same issue in the consolidated appeal from his denial of post-conviction relief and from his conviction and sentence. Because he previously raised the same issue that he now raises on the appeal from the denial of his successive petition for post-conviction relief, we dismiss Leavitt's appeal. *Porter v. State,* 139 Idaho 420, 80 P.3d 1021 (2003); I.C. § 19–2719(5).

### III. CONCLUSION

We dismiss these appeals.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and Justice Pro Tem SCHILLING concur.

