121 P.3d 958

**Maxwell HOFFMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

Nos. 29354, 29355.

Supreme Court of Idaho, Boise, February 2004 Term.

Sept. 14, 2005.

Joan M. Fisher, Federal Defender, Moscow; Ellison M. Matthews, Boise, for appellant. Joan M. Fisher argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. L. LaMont Anderson argued.

TROUT, Justice.

Appellant Maxwell Hoffman was convicted of first-degree murder and received a death sentence in 1989. Presently pending before this Court is an appeal from the district court's dismissal of Hoffman's Second Petition for Post–Conviction Relief or Writ of Habeas Corpus and a Motion to Correct Illegal Sentence. The State of Idaho moved to dismiss Hoffman's appeal based on Idaho Code § 19–2719. That motion was argued to the Court and supplemental briefing was filed. Before a decision was issued, the State filed another motion to dismiss the appeal, based upon mootness. After further consideration of the issues raised by the State's initial motion to dismiss, we grant the State's motion and dismiss the appeal. It is, therefore, unnecessary to address the most recent motion to dismiss.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1989, Maxwell Hoffman was convicted by a jury for the first-degree murder of Denise Williams, an informant for Canyon County narcotics officers. On May 22, 1989, Hoffman filed a Motion for Jury Sentencing or In the Alternative an Advisory Jury based on the Idaho Constitution and I.R.C.P. 39, which was denied by the district court. On June 9, 1989, the district court held a sentencing hearing and found that the state had proven two statutory aggravating factors beyond a reasonable doubt, including: 1) the murder was especially heinous, atrocious or cruel, manifesting exceptional depravity; and 2) the murder was committed against a witness or potential witness in a legal proceeding because of such proceeding. After weighing the factors and other mitigating circumstances, the district court imposed the death penalty.

On July 25, 1989, Hoffman filed a Petition for Post-Conviction Relief, alleging among other things that the "Idaho death penalty statute is unconstitutional, as it does not permit the participation of the jury, in violation of the Idaho Constitution and the United States Constitution." After an evidentiary hearing, the district court denied the petition. On January 29, 1993, this Court affirmed Hoffman's conviction, sentence and denial of post-conviction relief. *State v. Hoffman,* 123 Idaho 638, 851 P.2d 934 (1993). In addressing the question of whether the Idaho Constitution mandates jury involvement in a capital sentencing, this Court concluded, "it is well settled that punishment in a capital case is to be determined by a judge rather than a jury." *Id.* at 643, 851 P.2d at 939.

Hoffman commenced federal habeas corpus proceedings May 2, 1994, specifically alleging that the Idaho statute which permitted a judge to determine the elements necessary for imposition of the death penalty, rather than a jury, violated Hoffman's Sixth, Eighth and Fourteenth Amendment rights. *Hoffman v. Arave,* 973 F.Supp. 1152 (D.Idaho 1997). The federal district court dismissed the claim because it had not been presented as a federal constitutional claim, before the Idaho Supreme Court. In addition, the federal district court relied on *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) in concluding that there was no constitutional requirement that a jury must impose the death penalty or make findings as a prerequisite. *Id.* at 1163.

Hoffman appealed the federal district court's decision and the Ninth Circuit concluded "*Walton* forecloses Hoffman's ... challenge to Idaho's capital sentencing scheme." *Hoffman v. Arave,* 236 F.3d 523, 542 (9th Cir.2001). The Ninth Circuit reversed on other claims and ordered the federal district court to conduct an evidentiary hearing regarding ineffective assistance of counsel. On March 30, 2002, the federal district court granted the writ of habeas corpus with respect to ineffective assistance of counsel at sentencing, but denied the writ of habeas corpus with respect to ineffective assistance of counsel at trial. Hoffman's appeal and the state's cross appeal are pending with the Ninth Circuit.

While his federal claims were pending, Hoffman filed another Petition for Post–Conviction Relief on July 7, 1995, (Second Petition) and on May 20, 1996, the district court dismissed the Second Petition based on I.C. § 19–2719. Hoffman appealed and this Court granted the State's motion to dismiss the appeal in an order dated December 6, 1996. On August 2, 2002, Hoffman filed a second successive Petition for Post–Conviction Relief and/or Writ of Habeas Corpus and Motion to Correct Illegal Sentences, to Vacate Sentences of Death and for New Sentencing Trial in the district court, which were consolidated into one case. (Third Petition). Hoffman based his Third Petition on the case of *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which held that the Sixth Amendment's guarantee of a jury trial requires that a jury, not a judge, must find the statutory aggravating factors necessary for imposition of the death penalty. Based on I.C. § 19–2719, the State moved to dismiss Hoffman's Third Petition.

The district court issued a decision granting the State's motion to dismiss, finding that

the Third Petition was expressly barred by the provisions of I.C. § 19–2719. The district court determined that Hoffman's claims were all known well before the filing of his Third Petition, that the claims had been previously raised and that *Ring* should not be applied retroactively to Hoffman's case. Hoffman timely appealed and, after hearing oral argument, this Court suspended the appeal, pending the United States Supreme Court's decision in *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), which addressed the retroactive effect of *Ring.* After *Summerlin* was released, Hoffman requested the opportunity to file supplemental briefing on the question of whether *Summerlin* applied to cases in Idaho, which was granted. All of the issues are now presented to the Court on the State's motion to dismiss, which we now address.

## II.

### ANALYSIS

The only basis for relief requested by Hoffman in his Third Petition is that, pursuant to the holding in *Ring,* his sentence of death should be set aside because the aggravating factors found to support the imposition of the death penalty were found by a judge, not by a jury. *Ring v. Arizona,* 536 U.S. 584, 609, 122 S.Ct. 2428, 2443, 153 L.Ed.2d 556, 576, 577 (2002). Hoffman further asserts in the Third Petition that *Ring* retroactively applies to his case because it presents a "watershed rule" and procedures that are so fundamental as to be guaranteed and "implicit to the concept of ordered liberty." *See Teague v. Lane,* 489 U.S. 288, 307, 109 S.Ct. 1060, 1073, 103 L.Ed.2d 334, 353 (1989).

Contrary to Hoffman's argument, the United States Supreme Court resolved the issue of the retroactive effect of *Ring* in *Schriro v. Summerlin.* It held, "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at ——, 124 S.Ct. at 2526. Because Hoffman's sentence was imposed and upheld by this Court on direct

appeal long before the *Ring* decision, *Ring* has no applicability to this case.

Hoffman further asserts in his supplemental briefing that *Summerlin* should not be held to apply in Idaho because the Supreme Court decided *Summerlin* on the basis of Arizona law, which differs from the sentencing procedures in Idaho. This same argument was presented to this Court in *Porter v. State,* 140 Idaho 780, 102 P.3d 1099 (2004), and was rejected.

First, *Summerlin* was not based upon any finding that the Arizona judge's determination of an aggravating factor was as reliable as a jury's determination of that issue, nor was it based upon the existence of statutory or case law excluding hearsay evidence from that consideration. *Summerlin* was based solely upon the Supreme Court's determination that *Ring* announced a new rule of procedure that would not be applied retroactively unless it was a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*Porter,* 140 Idaho at 782, 102 P.3d at 1101. Therefore, *Ring* should not be retroactively applied to this case.

Hoffman also asserts in his supplemental briefing that this Court should follow the lead of the Indiana Supreme Court in *Saylor v. Indiana,* 808 N.E.2d 646 (Ind.2004), in which the court reduced Saylor's sentence to effectively a life sentence. The Indiana Supreme Court reasoned that because death penalty sentencing law had changed so dramatically, it would not apply different procedures, based simply on a difference in the timing of the sentencing. While we appreciate the reasoning and different approach taken by another state court, we decline the invitation to follow that authority. We have expressed on many occasions in the past our confidence in the ability of district judges to carefully and fairly weigh the facts relating to the imposition of the death penalty. While Idaho law now requires jury involvement in that process, we do not believe the prior process was unfair or suspect and will not set aside the properly imposed sentence of death in Hoffman's case.

**30**

## III.

### CONCLUSION

The claims in Hoffman's Third Petition were clearly known and asserted in prior proceedings. Moreover, the decisions of the United States Supreme Court in *Summerlin* and this Court in *Porter* resolve the issues raised by Hoffman's Third Petition arguing for retroactive application of *Ring*. Because this is a second successive post-conviction petition which does not fall within the exceptions of the statute, it is specifically barred by I.C. § 19–2719. We grant the State's motion and dismiss this appeal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and KIDWELL, Pro Tem concur.