# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 28528/29653/29680

| | | |
|---|---|---|
| JAMES H. HAIRSTON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF IDAHO, | ) | 2007 Opinion No. 52 |
| | ) | |
| Respondent. | ) | Boise, January 2007 Term |
| ------------------------------------------------------------- | ) | |
| STATE OF IDAHO, | ) | Filed: March 28, 2007 |
| | ) | |
| Plaintiff-Respondent, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES H. HAIRSTON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

The Motion to Dismiss Petitioner's consecutive petitions for post-conviction relief is: granted.

Federal Defenders of Eastern Washington and Idaho, Moscow; and Leo N. Griffard Jr., Boise, for appellant. Bruce Livingston argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. L. LaMont Anderson, Deputy Attorney General, argued.

---

TROUT, Justice

James Hairston appealed from the dismissal of his consolidated successive petitions for post-conviction relief, petition for writ of habeas corpus, and motion to correct illegal sentence, to vacate sentence of death and for new sentencing trial. The State then moved to dismiss the appeal on procedural grounds.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

James Hairston was convicted by a jury of two counts of first degree murder and robbery in connection with the deaths of William and Dalma Fuhriman. The district court found four statutory aggravating factors and imposed a death sentence for each of the two murders and life in prison for the robbery. Hairston appealed his convictions and sentences and the denial of his petition for post-conviction relief. This Court affirmed the district court on August 24, 1999. *State v. Hairston*, 133 Idaho 496, 500-501, 988 P.2d 1170, 1174-75 (1999). In June of 2000, a federal public defender was appointed and Hairston filed a federal habeas petition, which is still pending in federal court.

This case addresses the consolidated appeal by Hairston of the dismissal by the district court of two separate, additional post-conviction petitions. On May 18, 2001, Hairston filed a second petition for post-conviction relief prompting a stay of his federal habeas petition. Hairston raised 21 claims of ineffective assistance of counsel on appeal. He also raised a denial of resources claim based on the trial judge's denial of a mitigation expert, whom Hairston sought to hire for the purpose of showing significant brain damage. The State filed a motion to dismiss pursuant to Idaho Code section 19-2719, which was granted, and Hairston appealed.

On August 2, 2002, Hairston filed a third petition for post-conviction relief and/or writ of habeas corpus as well as a motion to correct illegal sentence, to vacate sentences of death, and to request a new sentencing hearing. Hairston claimed that his death sentence was unconstitutional under *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428 (2002), which held that juries, rather than a judge, must find aggravating factors in capital cases. The State moved to dismiss Hairston's petition and Rule 35 motion under I.C. § 19-2719, and the court granted the State's motion. Hairston then appealed those decisions, and all cases were consolidated.

Additionally, with regard to both his second and third petitions, Hairston moved to disqualify the district judge. Hairston based his motions on a letter from the district judge to the victims' family members which was sent after this Court's opinion in the first appeal. The letter is dated August 26, 1999, and reads, in part: "As you are aware the Supreme Court of Idaho has affirmed Mr. Hairston's conviction and sentence. Now that he has had his appeal, if I had my way, he would be executed tomorrow; however, now the federal court is involved it will

2

probably be 10-15 years before a resolution, which is an abominable system." In light of the letter, Hairston asserted, the judge should disqualify himself or should be disqualified because he could not sit fairly on Hairston's case. The district judge denied the motions to disqualify before dismissing Hairston's second and third petitions.

The State now moves to dismiss Hairston's consolidated appeals. The State claims the Court is without jurisdiction to hear the appeals under I.C. § 19-2719, which governs post-conviction relief proceedings in capital cases. The statute provides a defendant one opportunity to raise all challenges to the conviction and sentence in a post-conviction relief petition, which must be filed within 42 days after entry of judgment. An exception is provided under I.C. § 19-2719(5), which permits a successive petition if a defendant can demonstrate that claims were not known and could not reasonably have been known within 42 days of the entry of the judgment of conviction. The claims raised in Hairston's second and third petition, asserts the State, were known or reasonably should have been known at the time of the filing of the first petition, and any claims that were later discovered were not filed within a reasonable time thereafter. The State argues Hairston's claims do not meet the requirements under I.C. § 19-2719 and that this Court is consequently without jurisdiction. The Court set the State's motion to dismiss for oral argument, and that matter is presently before the Court.

## II.

## STANDARD OF REVIEW

"When this Court is presented with a motion to dismiss by the State based upon the provisions of Idaho Code § 19-2719, the proper standard of review this Court should utilize is to directly address the motion, determine whether or not the requirements of section 19-2719 have been met, and rule accordingly." *Creech v. State*, 137 Idaho 573, 575, 51 P.3d 387, 389 (2002).

Idaho Code § 19-2719 contains the expedited procedure for post-conviction relief. The statute provides a capital defendant with one opportunity to raise all challenges to the conviction and sentence in a petition for post-conviction relief, to be requested within 42 days after the judgment is filed. I.C. § 19-2719(2); *State v. Rhoades*, 120 Idaho 795, 806, 820 P.2d 665, 676 (1991). The statute, however, makes an exception for those unusual cases where it can be demonstrated that the issues were not known and reasonably could not have been known within the time frame allowed by the statute. *See* I.C. § 19-2719(5); *Fields v. State*, 135 Idaho 286, 17 P.3d 230 (2000); *Rhoades*, 120 Idaho at 806, 820 P.2d at 676. The statute requires:

3

(5) If the defendant fails to apply for relief as provided in this section and within the time limits specified, he shall be deemed to have waived such claims for relief as were known, or reasonably should have been known. The courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief.

> (a) An allegation that a successive post-conviction petition may be heard because of the applicability of the exception herein for issues that were not known or could not reasonably have been known shall not be considered unless the applicant shows the existence of such issues by (i) a precise statement of the issue or issues asserted together with (ii) material facts stated under oath or affirmation by credible persons with first hand knowledge that would support the issue or issues asserted. A pleading that fails to make a showing of excepted issues supported by material facts, or which is not credible, must be summarily dismissed.

> (b) A successive post-conviction pleading asserting the exception shall be deemed facially insufficient to the extent it alleges matters that are cumulative or impeaching or would not, even if the allegations were true, cast doubt on the reliability of the conviction or sentence.

> (c) A successive post-conviction pleading asserting the exception shall be deemed facially insufficient to the extent it seeks retroactive application of new rules of law.

I.C. § 19-2719(5). A claim that reasonably should be known immediately upon the completion of the trial and can be raised in a post-conviction petition, but is not raised in the first post-conviction petition, is deemed waived. *See Fields*, 135 Idaho at 290, 17 P.3d at 234; *Rhoades*, 120 Idaho at 797, 820 P.2d at 667. Even where post-conviction claims could not have been known within the 42-day statutory period, I.C. § 19-2719 still requires a defendant to bring the claims within a reasonable time after the claims were known or should have been known. *Pizzuto v. State*, 134 Idaho 793, 799, 10 P.3d 742, 748 (2000). A petitioner bringing a successive petition for post-conviction relief has a heightened burden and must make a prima facie showing that issues raised in that petition fit within the narrow exception provided by the statute. *Creech*, 137 Idaho at 575, 51 P.3d at 389; *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995). Any successive petition for post-conviction relief not within the exception of subsection (5) of the statute shall be dismissed summarily. *See* I.C. § 19-2719(11).

### III.

### DISCUSSION

#### A. Constitutionality of I.C. § 19-2719

Hairston argues that I.C. § 19-2719 is unconstitutional and therefore cannot limit his ability to bring his claims in a post-conviction petition and have them heard in the underlying consolidated appeals.

4

First, Hairston contends the statute's 42-day limit for filing a petition in a capital case is too short to comport with fundamental fairness, denying Hairston the equal protection and due process of law under the United States Constitution and Idaho Constitution. We have previously considered and rejected arguments that the disparate treatment of capital defendants under I.C. § 19-2719 violates their equal protection and due process rights. In *State v. Beam*, 115 Idaho 208, 766 P.2d 678 (1989), this Court held that the 42-day time limit imposed on capital defendants survived rational basis review and did not violate a defendant's constitutional right to equal protection. *Id.* at 213, 766 P.2d at 683. In *Rhoades*, the Court approved *Beam*'s equal protection analysis and addressed a due process challenge to the statute's 42-day time limit. *Rhoades*, 120 Idaho at 806, 820 P.2d at 676. "The legislature has seen fit," the Court explained, "to appropriately limit the time frame within which to bring challenges which are known or which reasonably should be known." *Id.* at 807, 820 P.2d at 676. Evaluating the statute's procedural safeguards under the balancing test in *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 652 (1950), the Court concluded that "I.C. § 19-2719 is not unconstitutional under due process analysis." *Id.* This Court finds no reason to reverse our previous holdings affirming the constitutionality of I.C. § 19-2719.

Hairston also argues that I.C. § 19-2719 is unconstitutionally vague in identifying the standard for waiver of claims. A statute that is vague, indefinite, or uncertain violates the due process clause of the United States Constitution and Idaho Constitution. *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 715, 791 P.2d 1285, 1294 (1990). A civil statute is not unconstitutionally vague if persons of reasonable intelligence can derive core meaning from it. *Id.* Subsection (5) of I.C. § 19-2719 states that claims a defendant "should reasonably have known," are waived, whereas subsection (5)(a) states that claims a defendant "could" have known are waived. I.C. § 19-2719 (5), (5)(a). Hairston argues these standards are internally inconsistent and the statute is therefore, unconstitutionally vague. We disagree. The statute requires an objective examination of whether a defendant should have known of a claim at the time of the filing of the first petition. Under the statute, claims that were "known, or reasonably should have been known," are waived, while claims that "were not known or could not have reasonably been known" may be considered so long as other procedural requirements are met. I.C. § 19-2719(5), (5)(a). The statute does not offer two standards. Rather, it identifies two possibilities under a single clear standard: either a defendant reasonably should have known of certain claims and so

5

has waived them, or he reasonably could not have known of certain claims and so may file a successive petition. We reject Hairston's arguments that I.C. § 19-2719 is unconstitutionally vague.

Finally, Hairston asks this Court to overrule *Paz v. State*, 123 Idaho 758, 852 P.2d 1355 (1993). In *Paz*, this Court held that I.C. § 19-2719 does not foreclose claims that could not have been known within the statute's 42-day limit and "implicitly establishes a framework for timeliness." *Id.* at 760, 852 P.2d at 1357. Under that framework, "[c]laims that were not known or could not have reasonably been known within 42 days of judgment must be asserted within a reasonable time after they are known or reasonably could have been known." *Id. Paz*, Hairston claims, improperly grafted onto I.C. § 19-2719 a requirement that successive petitions be filed within a "reasonable time." This Court has repeatedly endorsed the "reasonable time" framework enunciated by *Paz. See, e.g., Porter v. State*, 136 Idaho 257, 260, 32 P.3d 151, 154 (2001); *Fields*, 135 Idaho at 290, 17 P.3d at 234 (2000); *Rhoades v. State*, 135 Idaho 299, 301, 17 P.3d 243, 245; *Dunlap v. State*, 131 Idaho at 576, 576, 961 P.2d 1179, 1180 (1998). We see no reason to revisit that analysis.

**B.      Claims regarding ineffective assistance of appellate counsel**

Hairston's appeal to this Court raises 21 claims of ineffective assistance of appellate counsel. The State argues this Court has no jurisdiction to consider these claims because they are untimely under I.C. § 19-2719(5).

Ineffective assistance of appellate counsel claims, by their very nature, cannot be raised in an initial post-conviction proceeding. While such claims are not foreclosed under I.C. § 19-2719, the statute "implicitly establishes a framework for timeliness…." *Paz*, 123 Idaho at 760, 852 P.2d at 1357. As noted above, ineffective assistance of appellate counsel claims "must be asserted within a reasonable time after they are known or reasonably could have been known." *Id.* In *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999), this Court further explained: "When this Court has concluded that an issue could *not* have been known within 42 days, it has required the petitioner to assert the issue soon after the issue is known." *Id.* at 710, 992 P.2d at 150 (emphasis in original).

This Court has measured forward from the date a defendant's appellate brief was filed to determine whether claims raised in successive petitions were raised within a "reasonable time." *See Paz*, 123 Idaho at 760, 852 P.2d at 1357. In *Paz*, the Court held that issues raised or not

6

raised by appellate counsel were known at the time of the filing of the appellate brief and that claims asserted four years thereafter were not filed within a reasonable time. 123 Idaho at 760, 852 P.2d at 1357. In *Fields*, this Court held that "a two-and-one-half-year span from the date of the first appellate brief to the assertion of claims is an unreasonable length of time for the pursuit of post-conviction relief," and dismissed the petition accordingly. 135 Idaho at 290, 17 P.3d at 234. "[F]ollowing the principle in the *Paz* and *Fields* decisions that issues raised or not raised by appellate counsel were known at the time of the filing of the first appellate brief," the Court held in *Porter* that "the three-year span from the date of Porter's first appellate brief to the assertion of his current claims is an unreasonable length of time for the pursuit of post-conviction relief." 136 Idaho at 260, 32 P.3d at 154. While the Court in *Porter* relied on the date of the appellate brief to evaluate the timeliness of the defendant's ineffective assistance of appellate counsel claims, we noted that the successive petition was filed more than a year after the Federal Defender was appointed to the case, and more than five months after the defendant's habeas petition containing identical claims was filed in federal court. *Id.*

Hairston raised his ineffective assistance of appellate counsel claims on May 18, 2001, three years after his appellate briefing of March 1998, nearly a year after the appointment of the Federal Defender on June 5, 2000, and nearly five months after the filing of his federal habeas petition on December 15, 2000. Hairston makes no showing that his situation is different from those in *Paz*, *Fields*, and *Porter*, in which the Court concluded that issues raised or not raised by appellate counsel were known at the time the appellate brief was filed. Under *Fields* and *Porter*, the three-year gap between Hairston's March 1998, appellate briefing and his May 18, 2001, post-conviction petition is an unreasonable length of time. Hairston's claims regarding ineffective assistance of appellate counsel are untimely under I.C. § 19-2719 and are dismissed.

**C.     Claims regarding appointment of a mitigation specialist**

The State moved to dismiss Hairston's appeal which claimed a denial of resources based on the trial court's refusal to provide Hairston with a mitigation specialist. Hairston appeals the trial court's denial of a mitigation specialist based on evidence discovered by Dr. Ricardo Weinstein, himself a mitigation specialist retained by the Capital Habeas Unit of the Federal Defenders. According to Hairston, Dr. Weinstein has discovered "evidence that petitioner suffers from significant, physiological brain damage to the right frontal lobe of his brain, and presents physiological characteristics consistent with fetal alcohol syndrome."

7

Pursuant to I.C. § 19-2719(5), this Court is deprived of jurisdiction of any claims that were known or could reasonably have been known within 42 days of the judgment imposing the death sentence. Furthermore, "[a]ny claims actually asserted on direct appeal are barred by operation of res judicata, and any claims raised in a prior application for post-conviction relief are barred by operation of Idaho Code § 19-2719(5)." *Row v. State*, 135 Idaho 573, 576, 21 P.3d 895, 898 (2001).

In his direct appeal and initial post-conviction petition, Hairston claimed denial of resources based on the judge's denial of a mitigation specialist. This Court addressed the issue:

> Hairston relies upon *Smith v. McCormick*, 914 F.2d 1153 (9th Cir.1990), for the proposition that the appointment of a mitigation specialist is constitutionally required. This reliance is misplaced. ... At counsel's request, a psychiatrist was appointed to consult with defense counsel and to explore possible mitigation evidence for use at Hairston's sentencing. The district court also appointed an investigator to assist with Hairston's defense both before and during the trial and sentencing. We do not believe that the district court abused its discretion or violated the United States or Idaho Constitutions by refusing to also appoint a "mitigation specialist."

*Hairston*, 133 Idaho at 516, 988 P.2d at 1190. Hairston's claim is res judicata. The fact that Hairston now has a mitigation specialist willing to testify to Hairston's deficiencies does not change this Court's analysis. It is a claim previously raised and was also clearly known within the statutory time limits set by I.C. § 19-2719. The State has shown that Hairston's denial of resources claim does not satisfy the narrow exception allowed under I.C. § 19-2719(5).

### D.     Claims under *Ring*

Hairston filed his third petition for post-conviction relief in the wake of the United States Supreme Court's decision in *Ring* that juries, rather than judges, must determine the existence of aggravating factors in capital cases. *See Ring*, 536 U.S. at 609, 122 S.Ct. at 2443.

In *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519 (2004), the United States Supreme Court held that "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Id.* at 358, 124 S. Ct. at 2526. Relying on *Summerlin*, this Court concluded that *Ring* is not retroactive to cases on collateral review. *Porter v. State*, 140 Idaho 780, 782, 102 P.3d 1099 (2004). This Court has dismissed claims under *Ring* brought in successive petitions for post-conviction relief, holding that the claims do not fall within the exceptions of I.C. § 19-2719 and are therefore barred. *Hoffman v. State*, 142 Idaho 27, 29, 121 P.3d 958, 961 (2005); *State v. Leavitt*, 141 Idaho 895, 896-97, 120 P.3d 283, 284-85

(2005). Hairston's case was completed on direct appeal prior to the issuance of *Ring*, and *Ring* therefore has no applicability to this case. Hairston's third petition for post-conviction relief is also dismissed.

**E.      Rule 35 motion**

Hairston filed his third petition for post-conviction relief and/or writ of habeas corpus and motion to correct illegal sentences, to vacate sentences of death and for new sentencing trial pursuant, in part, to Idaho Criminal Rule 35. Rule 35 provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence." I.C.R. 35. However, I.C. § 19-2719 requires that "[a]ny remedy available by post-conviction procedure, habeas corpus or any other provision of state law must be pursued according to the procedures set forth in this section and within the time limitations of subsection (3) of this section." I.C. § 19-2719(4). In *State v. Beam*, 121 Idaho 862, 828 P.2d 891 (1992), this Court held that the 42-day time limitation in I.C. § 19-2719(3), not Rule 35, applies to claims of illegality of a death sentence. *Id.* at 863, 862 P.2d at 892. The Court reached the same conclusion in *McKinney*, stating that "I.C.R. 35 applies to criminal sentences in general, but is superseded in death sentences by I.C. § 19-2719." 133 Idaho at 705, 992 P.2d at 154. *See also Leavitt*, 141 Idaho at 898, 120 P.3d at 286. The Court's jurisdiction in this case is governed by I.C. § 19-2719, not Rule 35. Hairston may not avoid the jurisdictional limitations of I.C. § 19-2719 by filing a Rule 35 motion.

**F.      Motions to disqualify the district judge**

The final issue we must address is Hairston's argument that the district judge erred in refusing to disqualify himself from considering the second and third petitions for post-conviction relief. Hairston's argument is not that the district judge was biased at the time of trial and initial appeal. Rather, he argues that the judge's letter to the victims' family members demonstrates bias against Hairston and in favor of his immediate execution existing at the time Hairston brought his second and third petitions for post-conviction relief in 2001 and 2002.

The only question before the Court is whether, as an initial matter, Hairston satisfies the jurisdictional requirements under I.C. § 19-2719. This is a question of law. Discussion of the merits of Hairston's motion for disqualification is unnecessary to the resolution of the motion before the Court. *See Pizzuto v. State*, 127 Idaho 469, 471, 470-71 n.1, 903 P.2d 58, 60 n. 1 (1995). Hairston's right to an unbiased judge is premised on his right to an unbiased hearing of

9

his consecutive petitions for post-conviction relief, and his right to an unbiased hearing on those petitions is limited by the jurisdictional requirements of I.C. § 19-2719. Because we conclude Hairston has failed to meet the jurisdictional requirements of I.C. § 19-2719, it follows that Hairston was not entitled to a hearing on his petitions in the court in which he brought them, and any alleged prejudice in those proceedings is irrelevant. This Court, therefore, will not address Hairston's claim that the district court erred in denying the motions to disqualify.

## IV.

## CONCLUSION

In these consolidated cases on appeal, Hairston has failed to raise his claims in a timely manner and there is no basis for proceeding with this appeal. Because these claims fall outside the narrow exceptions provided in I.C. § 19-2719(5), the trial court's orders are not appealable, and we grant the State's motion to dismiss. Accordingly, we dismiss Hairston's consolidated appeals.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES **CONCUR**.

10