# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34200

GENE FRANCIS STUART, )
)
    Petitioner-Appellant, )
)
v. )
)
STATE OF IDAHO, )
)
    Respondent. )

**Boise, November 2009 Term**

**2010 Opinion No. 51**

**Filed: May 10, 2010**

**Stephen Kenyon, Clerk**

---

Appeal from the District Court of the Second Judicial District of the State of Idaho, Clearwater County. Hon. Ron Schilling, District Judge.

The appeal is <u>dismissed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, and Federal Defender Services of Idaho, Moscow, for appellant. Oliver Loewy argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. L. Lamont Anderson argued.

---

HORTON, Justice

Gene Frances Stuart (Stuart) appeals the district court's judgment dismissing his fourth petition for post-conviction relief as untimely under I.C. § 19-2719. In this appeal, Stuart argues that I.C. § 19-2719 is inapplicable to him as it does not retroactively apply to his case, it is an *ex post facto* law, it violates the Idaho Constitution's separation of powers, it violates his equal protection and due process rights under the Idaho and U.S. Constitutions, it is an unconstitutional suspension of the right of habeas corpus, and it is unconstitutionally vague. We dismiss the appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Stuart was convicted in 1982 of first-degree murder of three-year old Robert Miller (Robert) in 1981. This is the eighth time this Court has been asked to examine some aspect of this case.

1

The facts of this case are described in *State v. Stuart (Stuart I)*, 110 Idaho 163, 715 P.2d 833 (1985). In 1980 Stuart met and began dating Kathy Miller (Kathy), the mother of then two-year-old Robert. Stuart and Kathy dated throughout 1981 and Stuart "assumed primary control over Robert, feeding, clothing and caring for him." *Id.* at 165, 715 P.2d at 835. In late 1980 and throughout 1981, Robert began to show various signs that he was being physically abused. *Id.* at 165-66, 715 P.2d at 835-36. On September 19, 1981, Stuart brought Robert to the emergency room. Stuart claimed that Robert had vomited after being put down for a nap and that he then noticed that Robert's breathing was unusual. Stuart claimed to have attempted mouth-to-mouth resuscitation before Robert again vomited. Stuart then rushed Robert to the hospital. *Id* at 166, 715 P.2d at 836. Robert was pronounced dead on arrival. Emergency room personnel noted that Robert's body was cold, casting doubt as to Stuart's description of the sequence of events. *Id.*

An autopsy was conducted, revealing that Robert died as a result of internal hemorrhaging caused by the rupture of his liver. *Id.* The pathologist's observations during the autopsy were inconsistent with Stuart's description of the events preceding Robert's death. Additionally, the pathologist found a number of bruises, both internal and external, a subdural hematoma on Robert's head, and X-rays revealed that Robert had suffered a broken left arm several months before his death. *Id.* at 166-67, 715 P.2d at 836-37.

Stuart was arrested and charged with Robert's murder and, after conviction, was sentenced to death. *Id.* at 167, 715 P.2d at 837. In *Stuart I*, this Court considered Stuart's claims on direct appeal and affirmed the conviction and sentence. *Id.* at 177, 715 P.2d at 847.

In 1986, Stuart filed his first petition for post-conviction relief. This first post-conviction petition was brought under the Uniform Post Conviction Procedure Act (UPCPA) (I.C. § 19-4901 *et seq.*). The district court summarily dismissed Stuart's petition pursuant to I.C. § 19-4906. On appeal, this Court affirmed. *Stuart v. State (Stuart II)*, 118 Idaho 865, 873, 801 P.2d 1216, 1224 (1990).

Stuart filed his second petition for post-conviction relief in 1988. Again, the petition was brought under the UPCPA. *Stuart v. State (Stuart III)*, 118 Idaho 932, 934, 801 P.2d. 1283, 1285 (1990). In this petition, Stuart asserted that telephone conversations with his attorney were monitored by the Sheriff's Department and that the prosecution used these conversations to gather evidence it otherwise did not have. Stuart alleged that this monitoring violated his constitutional rights to effective assistance of counsel and due process. *Id.* at 933, 891 P.2d at

2

1284. The district court summarily dismissed the petition pursuant to I.C. § 19-4906. This Court reversed and remanded the case for an evidentiary hearing. *Id.* at 935, 801 P.2d at 1286.

On remand, the district court conducted an evidentiary hearing and, based on the testimony and evidence presented, denied Stuart's petition. *Stuart v. State (Stuart IV)*, 127 Idaho 806, 808, 907 P.2d 783, 785 (1995). Consistent with *Stuart III*, the focus of the evidentiary hearing was whether Stuart's conversations with his attorneys were monitored. Disturbingly, the evidentiary hearing revealed that phone logs maintained by the Sheriff's Department which would have identified all calls placed by or to Stuart had been destroyed. Nevertheless, the district court found that Stuart failed to demonstrate that any telephone calls with his attorneys had been monitored. Stuart appealed and, again, this Court overturned the district court's decision. We remanded the case to the district court with instructions to weigh the evidence in a light favorable to Stuart because of the Sheriff's Office's destruction of evidence. *Stuart IV*, 127 Idaho at 817, 907 P.2d at 794.

While the appeal in *Stuart IV* was pending, Stuart brought a motion under I.R.C.P. 60(b)(5), "asserting that the Court's opinion in *State v. Tribe*, 123 Idaho 721, 852 P.2d 87 (1993), regarding second degree murder by torture reverses *Stuart I*, thereby entitling Stuart to relief from the trial court's judgment rendered after the evidentiary hearing." *Stuart v. State (Stuart V)*, 128 Idaho 436, 437, 914 P.2d 933, 934 (1996). This Court affirmed the district court's denial of Stuart's motion. *Id.* at 438, 914 P.2d at 935.

In the proceedings until this point, Stuart was represented by his trial counsel, Robert Kinney. On November 9, 1995, on remand from this Court's decision in *Stuart IV*, Mr. Kinney was permitted to withdraw and a second attorney, Scott Chapman, was appointed. Following another evidentiary hearing, the district court concluded that Stuart's rights had not been violated by the monitoring of his telephone conversations. Stuart appealed. This Court affirmed the district court's decision. *Stuart v. State (Stuart VI)*, 136 Idaho 490, 36 P.3d 1278 (2001).

In 2002, Stuart filed a petition for writ of habeas corpus in federal court. The court appointed the Federal Public Defenders Unit of Eastern Washington and Idaho to represent Stuart and stayed his execution. On November 14, 2002, the federal court granted a motion to hold the federal proceedings in abeyance pending final determination of state court proceedings. In addition to the present (fourth) petition for post-conviction relief, on August 2, 2002, Stuart filed a third petition for post-conviction relief based on the holding of *Ring v. Arizona*, 536 U.S.

3

584 (2002). The district court denied relief in that case. This Court heard the appeal of that decision on August 24, 2009.

The present petition for post-conviction relief was filed on December 3, 2002. In his petition, Stuart advanced claims of prosecutorial misconduct, failure to disclose mitigating evidence, and ineffective assistance of counsel. The State moved for summary dismissal of Stuart's petition, asserting that the petition was barred by operation of I.C. § 19-2719. Stuart raised a variety of constitutional and statutory arguments claiming that I.C. § 19-2719 should not be applied to his case. The district court rejected these arguments and, considering I.C. § 19-2719(5), found that Stuart's claims had not been raised in a timely fashion as Stuart reasonably could have known of these claims within forty-two days following his conviction. Accordingly, the district court summarily dismissed Stuart's petition for post-conviction relief. Stuart timely appealed.[1]

## II.    STANDARD OF REVIEW

A petition for post-conviction relief is a civil proceeding, governed by the Idaho Rules of Civil Procedure. *Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Post-conviction procedures are generally governed by the Uniform Post-Conviction Procedure Act (UPCPA), I.C. § 19-4901 *et seq*. Idaho law, however, provides a specific procedure to address and expedite post-conviction proceedings in capital cases. I.C. § 19-2719. "[Idaho Code] § 19-2719 does not eliminate the applicability of the UPCPA to capital cases, but it supersedes the UPCPA to the extent that their provisions conflict." *McKinney v. State*, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999).

"'When this Court is presented with a motion to dismiss by the State based upon the provisions of Idaho Code § 19-2719, the proper standard of review this Court should utilize is to directly address the motion, determine whether or not the requirements of section 19-2719 have been met, and rule accordingly.' .... Any successive petition for post-conviction relief not within the exception of subsection (5) of the statute shall be dismissed summarily. *See* I.C. § 19-2719(11)." *Hairston v. State*, 144 Idaho 51, 55-56, 156 P.3d 552, 556-57 (2007) (quoting

---

[1] Counsel for Stuart, two days before oral argument in this case was heard, filed a notice of supplemental authority. This notice did not comply with the requirements of I.A.R. 34(f)(1) which states that the party must identify "the issue on appeal to which it pertains, without written comment thereon, and identifying the headnote or relevant pages of the authority cited." The notice of supplemental authority did not identify the pertinent issues on appeal nor did it identify the headnote or relevant pages. Accordingly, although we may address those authorities uncovered in our independent research, we have not considered Stuart's supplemental authority.

4

*Creech v. State*, 137 Idaho 573, 575, 51 P.3d 387, 389 (2002)) *judgment vacated on other grounds sub nom Hairston v. Idaho*, ___ U.S. ___, 128 S.Ct. 1442 (2008).

Stuart raises questions of statutory construction as well as the state and federal constitutionality of I.C. § 19-2719. Both constitutional questions and questions of statutory interpretation are questions of law over which this Court exercises free review. *Federated Publ'ns, Inc. v. Idaho Bus. Rev., Inc.*, 146 Idaho 207, 210, 192 P.3d 1031, 1034 (2008).

> There is a presumption in favor of the constitutionality of the challenged statute or regulation, and the burden of establishing that the statute or regulation is unconstitutional rests upon the challengers. An appellate court is obligated to seek an interpretation of a statute that upholds it [sic] constitutionality. The judicial power to declare legislative action unconstitutional should be exercised only in clear cases.

*Am. Falls Reservoir Dist. No. 2 v. Idaho Dep't of Water Res.*, 143 Idaho 862, 869, 154 P.3d 433, 440 (2007) (internal citations omitted).

## III.   ANALYSIS

**A.  Stuart has failed to allege facts necessary for a finding that his petition for post-conviction relief was timely filed in compliance with the requirements of I.C. § 19-2719.**

Stuart's petition raised claims that fall into three categories. First, he alleged that the prosecution in his initial trial committed four acts of prosecutorial misconduct.[2] Second, he alleged that the prosecution withheld mitigating information while arguing that no such information existed. Third, he raised an ineffective assistance of counsel claim based on the representation provided by the attorney who represented Stuart at trial, on direct appeal and in connection with his first two post-conviction petitions.

The State moved for summary dismissal of Stuart's claims, asserting that "Petitioner has failed, based upon the pleadings before this court, to establish he has complied with the requirements of Idaho Code § 19-2719." Stuart responded to the motion by advancing statutory and constitutional challenges to the application of I.C. § 19-2719 to his petition.

Idaho Code Section 19-2719 provides a series of procedural requirements for post-conviction petitions in capital cases. These provisions supersede the UPCPA to the extent that

---

[2] Stuart alleges four instances of prosecutorial misconduct: (1) the prosecution advised one or more witnesses not to testify that Stuart suffered from mental health problems; (2) the prosecution was aware that State witnesses had used "small tab pills which purportedly had a calming effect" at the preliminary hearing; (3) the prosecution encouraged "prior bad acts witnesses to exchange their anticipated testimony" by housing them in the same hotel and placing them in the same room in advance of the preliminary hearing without admonishing them not to discuss their anticipated testimony; and (4) the prosecution encouraged the "prior bad acts witnesses to exaggerate" their testimony by creating a "heightened sense of danger."

any conflict exists. *Dunlap v. State*, 146 Idaho 197, 199-200, 192 P.3d 1021, 1023-24 (2008) (citing *McKinney*, 133 Idaho at 700, 992 P.2d at 149). Of particular import are the strict time bars of I.C. § 19-2719. Idaho Code § 19-2719(3) provides that within "forty-two (42) days of the filing of the judgment imposing the punishment of death, and before the death warrant is filed, the defendant must file any legal or factual challenge to the sentence or conviction that is known or reasonably should be known." Idaho Code § 19-2719(5) further provides:

> If the defendant fails to apply for relief as provided in this section and within the time limits specified, he shall be deemed to have waived such claims for relief as were known, or reasonably should have been known. The courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief.

As Stuart faces a death sentence, the provisions of I.C. § 19-2719 are generally applicable. In addition to the explicit limitations of I.C. § 19-2719, this Court has also implied a "timeliness" requirement. "Claims not known or which could not have reasonably been known within 42 days of judgment must be asserted within a reasonable time after they are known or reasonably could have been known." *Paradis v. State*, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996) (citing *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993)). Claims not raised within that reasonable time, like claims that should have been known but were not raised, are deemed to be waived. Because Stuart's judgment was entered on December 9, 1982, these claims may only be considered under I.C. § 19-2719 if (a) they were not and could not reasonably have been known within 42 days after judgment; and, if so, (b) they were raised within a reasonable time after they reasonably could have been known.

"A petitioner bringing a successive petition for post-conviction relief has a heightened burden and must make a *prima facie* showing that issues raised in that petition fit within the narrow exception provided by the statute." *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995) (citing *Paz,* 123 Idaho at 760, 852 P.2d at 1357). Where a claim is brought that alleges that a claim could not reasonably be known within the forty-two day period prescribed by I.C. § 19-2719(5), this Court reviews "the allegations in [a] successive petition to determine whether . . . claims were known or reasonably should have been known within statutory time limits established in I.C. § 19-2719. If such claims are barred, no appeal on the merits will be heard, and we will dismiss the successive petition. I.C. § 19-2719(11)." *Porter v. State*, 139 Idaho 420, 421, 80 P.3d 1021, 1022 (2003).

Rather than attempting to comply with these clearly established pleading requirements or otherwise attempting to demonstrate by way of supporting affidavit(s) that his claims were not known to him nor could they reasonably have been known, Stuart apparently elected to challenge the application of I.C. § 19-2719 to his petition on statutory and constitutional grounds. Before turning to those grounds, we first consider other arguments proffered by Stuart.

Stuart advances three arguments in support of his request that the merits of his claims of prosecutorial misconduct, including the withholding of mitigation evidence, should be addressed. First, he argues that "the State has, despite a pretrial request for exculpatory information, failed for over two decades to disclose the factual bases or any information which would reasonably put defense counsel on notice of the factual bases for Mr. Stuart's prosecutorial misconduct claims." Stuart cites *Banks v. Dretke*, 540 U.S. 668 (2004), for the proposition that a petitioner who fails to discover facts supporting his claims in a timely manner is not barred from pursuing those claims "when the failure is due to prosecutorial misdeeds." This Court has similarly stated: "Defense attorneys are entitled to rely on the presumption that prosecutors have fully discharged their official duties, including the duty to disclose exculpatory material." *Sivak v. State*, 134 Idaho 641, 647, 8 P.3d 636, 642 (2000) (citing *Strickler v. Greene*, 527 U.S. 263, 286-87 (1999)). Second, he argues that even if he might have known of some of his claims, his request for relief "rests on the cumulative effect of all the supporting facts," which was unknowable. Finally, Stuart argues that the district court judge "evaluated the [prosecutorial misconduct] claims as if they had been fully developed in an evidentiary hearing."

These arguments misapprehend the petitioner's burden as to a claim governed by I.C. § 19-2719. There is, first, the question of whether a petitioner knew or reasonably could have known whether a claim existed. That standard implicates the petitioner's heightened burden of introducing admissible facts to support those claims. *Creech*, 137 Idaho at 575, 51 P.3d at 389. Second, there is the question of what standard is applied to a timely claim. This Court, in *Rhoades v. State*, (also applying I.C. § 19-2719) recognized that "[s]ummary dismissal of a petition for post-conviction relief is the procedural equivalent of summary judgment under I.R.C.P. 56." 135 Idaho 299, 300, 17 P.3d 243, 244 (2000). When a genuine issue of material fact exists, an evidentiary hearing is appropriate, although the district court need not credit conclusory allegations. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008). The district court properly required Stuart to meet his heightened burden of showing that his claims

7

met I.C. § 19-2719's "not reasonably known" exception and to support those claims with admissible evidence.[3] The merits of Stuart's claims could only be reached *after* the court had found that I.C. § 19-2719's "not reasonably known" requirement had been met.

Stuart was appointed substitute counsel in 1995. More than seven years passed between the appointment of substitute counsel in 1995 and the filing of the instant petition in December of 2002. Stuart's petition is silent as to when the facts supporting his claims were known or reasonably could have been known. It was Stuart's burden to present a petition alleging facts that would show that he fits within the exception to I.C. § 19-2719. *Lankford v. State*, 127 Idaho 100, 101, 897 P.2d 991, 992 (1995). Stuart's petition simply did not attempt to meet this burden. In light of Stuart's petition's silence as to its timeliness, this appeal must be dismissed absent a statutory or constitutional basis for disregarding application of the statute to Stuart's petition.

**B. The current version of I.C. § 19-2719 applies to Stuart's case, despite the fact that Stuart was convicted prior to the enactment of I.C. § 19-2719.**

Stuart argues that I.C. § 19-2719 does not apply to his case because it was enacted after he was sentenced to death. A number of Stuart's arguments are derived from language from previous decisions of this Court that have created some confusion. We take this opportunity to clarify that I.C. § 19-2719 is not a jurisdictional bar, notwithstanding language from some of our previous decisions. It is well-established that the legislature may establish statutes of limitations and the forty-two day period allowed by I.C. § 19-2719, while brief, is such a statute of limitations.[4]

We therefore reject Stuart's claim that I.C. § 19-2719 does not apply to his case because he was sentenced before the statute was enacted. This Court has regularly stated that a post-conviction proceeding is "entirely new and distinct from the underlying criminal action." *Ivey v.*

---

[3] As to the claim that the prosecution directed witnesses not to discuss Stuart's mental health condition, the district court observed, "Stuart was in the best position to know if he had at any time been diagnosed with mental health problems and who, if any, of the State's witnesses were likely to be aware of his diagnosis." The district court found that Stuart's petition was untimely as to the other claims of prosecutorial misconduct could have been uncovered by way of questioning in court or by interviewing the State's witnesses.

[4] We recognize that there is some contradiction between our statement in *State v. Beam*, 121 Idaho 862, 864, 828 P.2d 891, 893 (1992), which stated that I.C. § 19-2719(3) "creates, defines, and regulates a primary right" which would therefore be substantive in nature and our statement in *Paradis v. State*, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996), that I.C. § 19-2719 "did not materially affect any substantive rights" of the appellant. *Accord Esquivel v. State*, 128 Idaho 390, 392, 913 P.2d 1160, 1162 (1996) ("He has no 'substantial' rights which have been violated by the application of the limitation period [for post-conviction relief actions in a non-capital case, I.C. § 19-4902] based on the fact that the statute of limitations is procedural in nature."). While we clarify today that I.C. § 19-2719 is a statute of limitations, we have no reason to further discuss the thorny issue of whether statutes of limitations are substantive or procedural in nature. *See, e.g.*, *Sun Oil Co. v. Wortman*, 486 U.S. 717, 736 (1988) ("Statutes of limitations . . . defy characterization as either purely procedural or purely substantive.").

8

*State*, 123 Idaho 77, 79, 844 P.2d 706, 708 (1992). *See also Peltier v. State*, 119 Idaho 454, 456, 808 P.2d 373, 375 (1991); *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983). Although I.C. § 73-101 provides that "[n]o part of these compiled laws is retroactive, unless expressly so declared," we have noted that where a statute is procedural or merely "draws upon facts antecedent to its enactment" it will be held to be prospective in nature. *Bryant v. City of Blackfoot*, 137 Idaho 307, 313, 48 P.3d 636, 642 (2002). We have similarly noted that a retroactive statute is one that "changes the 'legal effect' of previous transactions or events." *Engen v. James*, 92 Idaho 690, 695, 448 P.2d 977, 982 (1969). The original enactment of I.C. § 19-2719 included language making it applicable to convictions prior to the statute's enactment, but it was not, itself, "retroactive" in any substantive sense. 1984 Idaho Sess. Laws, ch. 159, § 8, p. 390 ("This act shall apply to all cases in which capital sentences were imposed on or prior to the effective date of this act but which have not been carried out, and to all capital cases arising after the effective date of this act."). Because I.C. § 19-2719 applies to post-conviction relief actions rather than the underlying criminal actions, its application is prospective – operating on all post-conviction petitions submitted after the effective date of the statute. As I.C. § 19-2719 is a statute of limitations, the requirement that a petition be timely filed in compliance with the requirements of the statute began at the date of enactment for those cases involving convictions occurring at an earlier date. *See, e.g. Esquivel v. State*, 128 Idaho 390, 392, 913 P.2d 1160, 1162 (1996) (applying the reduced one-year statute of limitations in non-capital post-conviction proceedings prospectively from the date of enactment and finding no violation of I.C. § 73-101).

Nor do Stuart's arguments regarding the subsequent amendments to I.C. § 19-2719 render the statute inapplicable. Idaho Code § 19-2719 has been amended twice, first in 1995 and again in 2001. 1995 Idaho Sess. Laws, ch. 140, § 3, p. 596; 2001 Idaho Sess. Laws, ch. 317, § 1, p.1126. Neither of these amendments included language regarding the cases to which the amendments might apply. The 1995 amendments added a number of procedural requirements for petitions under I.C. § 19-2719 by way of subsections (5)(a) to (5)(c) but, again, this was a prospective requirement, applicable to all future filings governed by I.C. § 19-2719. Likewise, the amendments made in 2001 were additions to the rights of persons who had been sentenced to death and were again prospective, applying to future petitions under I.C. § 19-2719.

In *Nampa & Meridian Irrigation District v. Barker* we quoted with approval from Lewis' Sutherland on Statutory Construction which stated:

> Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. . . . . Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.

38 Idaho 529, 533, 223 P. 529, 530 (1924). Applied to amendments, this means that an amending act applies to the statute act as it previously existed with any amendment then being subject to the statutory prohibition against retroactive effect. As the original version of I.C. § 19-2719 expressly applied to cases like Stuart, so too, did the 1995 and 2001 amendments. Thus, the situation presented by this case is distinguishable from the general statement that "an amendment to an existing statute will not, absent an express legislative statement to the contrary, be held to be retroactive in application." *Nebeker v. Piper Aircraft Corp.*, 113 Idaho 609, 614, 747 P.2d 18, 23 (1987). In *Nebeker*, the question was whether a new amendment would have retroactive effect. Here, the question is whether the retroactive language in an existing statute is nullified by operation of a subsequent amendment. We conclude that the 1995 and 2001 amendments did not affect the applicability of the statute to Stuart's case and conclude that I.C. § 19-2719 applied to his petition.[5]

**C. Idaho Code § 19-2719's time bar is not an unconstitutional *ex post facto* law when applied to Stuart's petition.**

Stuart argues that I.C. § 19-2719 violates the Idaho and U.S. Constitutions' prohibition against *ex post facto* laws. U.S. Const. art. I, § 10, cl.1; Idaho Const. art. I, § 16. We initially observe that although he cites the decision elsewhere in his briefing, Stuart fails to acknowledge that this Court expressly rejected this contention in *Paradis v. State*, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996) ("We conclude that applying I.C. § 19-2719 does not constitute an *ex post facto* application of the law.").

Rather than addressing this Court's previous ruling, Stuart, citing *Garner v. Jones*, 529 U.S. 244, 251 (2000), argues that "[a]pplying Sections 19-2719(3) & (5) to [his] case would

---

[5] Indeed, to read the statute as Stuart suggests would mean that persons in Stuart's position would have no right to seek DNA testing when that was the obvious intent of the legislature. Statement of Purpose, HB 242 (RS l0946Cl) (2001) ("[Prior to this amendment, a] criminal defendant convicted prior to the development of DNA testing, [could not] utilize DNA testing to prove actual innocence even though DNA testing is often feasible on relevant biological material that is decades old.").

unquestionably create a significant risk of making his sentence more burdensome than if the Uniform Post-Conviction Procedure Act ('UPUPA') [sic] were applied." We do not view *Garner* as applicable to this case. First, the decision in *Garner* specifically dealt with and was limited to the context of parole hearings. *Id.* at 252. Second, unlike the case in *Garner*, the limitation of the time for post-conviction relief (indeed, any limitation on applications for post-conviction relief) falls into the category of cases described by the U.S. Supreme Court in *California Department of Corrections v. Morales*, 514 U.S. 499 (1995). There, the court considered "changes [that] might create some speculative, attenuated risk of affecting a prisoner's actual term of confinement by making it more difficult for him to make a persuasive case for early release, but that fact alone cannot end the matter for ex post facto purposes." *Id.* at 508-09. Because I.C. § 19-2719 provides a full opportunity to correct illegal convictions and the opportunity to raise claims later that could not reasonably be known at the time of judgment, any increase in sentence must necessarily be one of "speculative, attenuated risk."

**D. Idaho Code § 19-2719 is not an unconstitutional infringement on the judiciary's power.**

As previously discussed, we find that I.C. § 19-2719 operates as a statute of limitations. As such, it does not violate the Idaho Constitution's separation of powers provisions. Idaho Constitution, article V, section 13 provides:

> The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution, provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.

Likewise, Idaho Constitution, article V, section 20 provides "[t]he district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."

However, as the district court noted, I.C. § 19-2719, as a statute of limitations, is not a jurisdictional statute. "[I]t is properly within the power of the legislature to establish statutes of limitations, statutes of repose, create new causes of action, and otherwise modify the common law without violating separation of powers principles, it necessarily follows that the legislature

11

also has the power to limit remedies available to plaintiffs without violating the separation of powers doctrine." *Kirkland v. Blaine County Med. Ctr.*, 134 Idaho 464, 471, 4 P.3d 1115, 1122 (2000). We have, on more than one occasion, when considering the timeliness of post-conviction relief proceedings, stated that statutes of limitations are not jurisdictional and may be waived by the state. *See Kirkland v. State*, 143 Idaho 544, 546, 149 P.3d 819, 821 (2006); *Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000) (citing *Anderson v. State*, 133 Idaho 788, 791, 992 P.2d 783, 786 (Ct. App. 1999)).

While we have referred to I.C. § 19-2719 as "jurisdictional" in nature, that reference was not central to those arguments and is contradicted by our case law. *See, e.g. Rhoades v. State*, 148 Idaho 215, 218 n. 4, 220 P.3d 571, 574 n. 4 (2009) (citing *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995)). As we noted in an earlier *Rhoades* case, "*Stuart* [*(II)*, 118 Idaho 865, 801 P.2d 1216 (1990)] was not decided pursuant to I.C. § 19-2719. This statute was not cited by either Stuart or the State." *State v. Rhoades*, 120 Idaho 795, 807 n.1, 820 P.2d 665, 677 n.1 (1991). If I.C. § 19-2719 were truly a jurisdictional bar, this Court would have been unable to consider Stuart's previous post-conviction petition. Similarly, I.C. § 19-2719's application as a jurisdictional bar would have precluded our consideration of the merits in *Sivak v. State*, a fact which prompted a dissent from Chief Justice Trout. 134 Idaho 641, 650, 8 P.3d 636, 645 (2000) (C.J. Trout, dissenting). Because I.C. § 19-2719 is a statute of limitations rather than a jurisdictional bar, we find that I.C. § 19-2719(5) does not violate the Idaho Constitution's separation of powers provisions.

**E.  I.C. § 19-2719 does not violate Stuart's rights to equal protection, due process, or habeas corpus, nor is it unconstitutionally vague.**

Stuart makes a number of arguments that I.C. § 19-2719 violates other constitutional provisions. However, these arguments have been fully addressed by this Court in the past and we see no reason to reexamine these previous decisions.

Stuart argues that the distinctions between I.C. § 19-2719 and the UPCPA create an unconstitutional distinction between capital and non-capital defendants in violation of his equal protection rights. Once again, Stuart fails to acknowledge that this Court has definitively rejected this claim:

> Under the rational basis test, which is the appropriate test here, the legislature's action need only have a rational basis. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981); *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973); *Leliefeld v.*

12

*Johnson*, 104 Idaho 357, 374, 659 P.2d 111, 128 (1983) ("Under the 'rational basis' test which is generally appropriate to use when reviewing statutes which impact social or economic areas, the question becomes whether the classification 'advances legitimate legislative goals in a rational fashion.'"). The validity of I.C. § 19-2719 must be tested on that standard. In applying the rational basis standard, we begin with the understanding that (1) the legislature may reasonably exercise its power to define crime and fix punishment by classifying criminals with reference to the heinous nature or gravity of the crime they committed, see *Malloroy v. State*, 91 Idaho 914, 435 P.2d 254 (1967), and (2) that legislative declarations of public purpose are afforded great deference in determining the validity of legislation under the equal protection clause in the United States and Idaho Constitutions. *See Idaho Water Resources Board v. Kramer*, 97 Idaho 535, 548 P.2d 35 (1976).

In this case the legislature clearly printed out a rational basis of I.C. § 19-2719 in the statement of purpose which accompanied the enactment of the statute. The underlying legislative purpose behind the statute stated the need to expeditiously conclude criminal proceedings and recognized the use of dilatory tactics by those sentenced to death to 'thwart their sentences.' The statute's purpose is to 'avoid such abuses of legal process by requiring that all collateral claims for relief ... be consolidated in one proceeding....' We hold that the legislature's determination that it was necessary to reduce the interminable delay in capital cases is a rational basis for the imposition of the 42-day time limit set for I.C. § 19-2719. The legislature has identified the problem and attempted to remedy it with a statutory scheme that is rationally related to the legislative purpose of expediting constitutionally imposed sentences. Accordingly, I.C. § 19-2719 does not violate the defendant's constitutional right to equal protection, and the trial court correctly denied Beam's post conviction petition.

*State v. Beam*, 115 Idaho 208, 213, 766 P.2d 678, 683 (1988). *See also State v. Fetterly*, 115 Idaho 231, 235-36, 766 P.2d 701, 705-06 (1988). Stuart simply asserts that applying I.C. § 19-2719 "would violate his state and federal constitutional rights to equal protection inasmuch it would deny him the ability to obtain relief for the violation of his constitutional rights solely because his judgment is final." In support of this argument, Stuart quotes from *James B. Beam Distilling Co. v. Ga.*, 501 U.S. 529, 540 (1991) ("there remains even now the disparate treatment of those cases that come to the Court directly and those that come here in collateral proceedings.") However, this citation is inconsistent with Stuart's argument, as the quoted language immediately precedes a discussion of *Teague v. Lane*, 489 U.S. 288 (1989), in which the U.S. Supreme Court explicitly treated cases seeking habeas corpus relief differently from cases on direct review. We conclude that Stuart's equal protection claim is without merit.

Stuart's due process claim relates to his allegation of ineffective assistance of counsel. Stuart acknowledges that this Court has held that "[i]neffective assistance of counsel is one of

those claims that should be reasonably known immediately upon the completion of the trial and can be raised in a post-conviction proceeding." *State v. Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991). Stuart argues that continued application of this holding violates his right to due process.

*Rhoades* addressed a due process challenge to I.C. § 19-2719 in a case, like Stuart's, in which the defendant was represented by the same attorney at trial and through post-conviction proceedings.

> I.C. § 19-2719 provides a defendant one opportunity to raise all challenges to the conviction and sentence in a petition for post-conviction relief except in those unusual cases where it can be demonstrated that the issues raised were not known and reasonably could not have been known within the time frame allowed by the statute. The legislature has seen fit to appropriately limit the time frame within which to bring challenges which are known or which reasonably should be known. The process encompassed in I.C. § 19-2719 providing for review by the trial court and then this Court, provides adequate opportunity to present the issues raised and to have them adequately reviewed. Therefore, I.C. § 19-2719 is not unconstitutional under due process analysis.

*Id.* at 807, 820 P.2d at 677.

Stuart asks the Court to reconsider this holding in light of the Ninth Circuit Court of Appeals' decision in *Hoffman v. Arave*, 236 F.3d 523 (9th Cir. 2001). *Hoffman* held that asking a defendant represented by the same counsel at trial and during post-conviction proceedings to raise ineffective assistance claims within the forty-two day period prescribed by I.C. § 19-2719 was "fundamentally unfair" such that the procedural bars of I.C. § 19-2719 would not preclude federal review. *Id.* at 530-36. We do not adopt the broad rule pronounced in *Hoffman* in this case.

This Court has never held that all claims for post-conviction relief in capital cases must be brought within forty-two days of judgment. Rather, we have recognized that claims not known and which could not have reasonably been known within forty-two days of judgment may be pursued, but they must be asserted within a reasonable time after they are known or reasonably should have been known. *Paradis v. State*, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996) (citing *Paz*, 123 Idaho at 760, 852 P.2d at 1357). We are unable to conclude that the heightened pleading requirement, discussed in Part III.A, *supra*, violates petitioners' due process rights.

14

Stuart also argues that I.C. § 19-2719 is an unconstitutional restriction on the right of habeas corpus under the Idaho Constitution. Once again, Stuart has avoided controlling precedent. In *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999), this Court addressed the constitutionality of I.C. § 19-2719 as it regards the U.S. and Idaho Constitutions' prohibitions on suspension of writ of habeas corpus. U.S. Const. art. I; § 9 Idaho Const. art. I, § 5. There, the Court wrote:

> McKinney contends that if inadequate representation is an insufficient reason to permit a successive petition for post-conviction relief, then I.C. § 19-2719 effectively suspends the writ of habeas corpus in violation of Article I, § 5 of the Idaho Constitution. We reject this argument, affirming the Court of Appeals' analysis of this issue in *Eubank v. State*, 130 Idaho 861, 863-64, 949 P.2d 1068, 1070-71 (Ct.App.1997). All remedies in capital cases available by writ of habeas corpus or by post-conviction procedure must be pursued according to the procedures and the time limitations of I.C. § 19-2719. I.C. § 19-2719(4). The legislature may pass statutes regulating the use of the writ of habeas corpus. *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964). Post-conviction procedure acts have replaced the writ of habeas corpus for the purpose of challenging the validity of a conviction. *See Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969). The proper use of a petition for post-conviction relief "avoids repetitious and successive applications; eliminates confusion and yet protects the applicant's constitutional rights." *Id.* Like the UPCPA, I.C. § 19-2719 does not deny the writ of habeas corpus. *See id.*; *see also Eubank*, 130 Idaho at 863-64, 949 P.2d at 1070-71.

*McKinney*, 133 Idaho at 703-04, 992 P.2d at 152-53.

Finally, Stuart advances a brief argument that the "known" and "reasonably should have known" provisions of I.C. § 19-2719 are unconstitutionally vague. Yet again, Stuart has refused to recognize a decision from this Court that definitively addressed the issue. In *Hairston v. State*, 144 Idaho 51, 156 P.3d 552 (2007) *judgment vacated on other grounds sub nom Hairston v. Idaho*, ___ U.S. ___, 128 S.Ct. 1442 (2008) this Court stated:

> Hairston also argues that I.C. § 19-2719 is unconstitutionally vague in identifying the standard for waiver of claims. A statute that is vague, indefinite, or uncertain violates the due process clause of the United States Constitution and Idaho Constitution. *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 715, 791 P.2d 1285, 1294 (1990). A civil statute is not unconstitutionally vague if persons of reasonable intelligence can derive core meaning from it. Id. Subsection (5) of I.C. § 19-2719 states that claims a defendant "should reasonably have known," are waived, whereas subsection (5)(a) states that claims a defendant "could" have known are waived. I.C. § 19-2719(5), (5)(a). Hairston argues these standards are internally inconsistent and the statute is therefore, unconstitutionally vague. We disagree. The statute requires an objective examination of whether a defendant

15

should have known of a claim at the time of the filing of the first petition. Under the statute, claims that were "known, or reasonably should have been known," are waived, while claims that "were not known or could not have reasonably been known" may be considered so long as other procedural requirements are met. I.C. § 19-2719(5), (5)(a). The statute does not offer two standards. Rather, it identifies two possibilities under a single clear standard: either a defendant reasonably should have known of certain claims and so has waived them, or he reasonably could not have known of certain claims and so may file a successive petition. We reject Hairston's arguments that I.C. § 19-2719 is unconstitutionally vague.

*Id. at* 56-57, 156 P.3d at 557-58.

## IV. CONCLUSION

We find that Stuart's claims for post-conviction relief are barred by I.C. § 19-2719 because of his failure to plead facts showing that he did not know and could not reasonably have known earlier of those claims. We find no merit in Stuart's arguments based on federal and state constitutional grounds. We therefore dismiss this appeal. We award costs to the State. *Porter v. State*, 140 Idaho 780, 785, 102 P.3d 1099, 1104 (2004).

Chief Justice EISMANN and Justices BURDICK and W. JONES **CONCUR**.

**Kidwell J. Pro Tem, CONCURRING:**

I concur in the Court's decision on a substantially different analysis than articulated by the majority opinion. I would find, consistent with *Hoffman v. Arave*, 236 F.3d 523 (9th Cir. 2001), ineffective assistance of counsel claims raised by petitioners represented by the same counsel at trial and during initial post-conviction proceedings cannot be "reasonably known" under I.C. § 19-2719(5) until the defendant had obtained new counsel. I would also find that I.C. § 19-2719 is an unconstitutional jurisdictional bar under the Idaho Constitution. Nevertheless, I would find that Stuart's claims are time-barred, not by I.C. § 19-2719, but by the Uniform Post Conviction Procedure Act (UPCPA). I.C. § 19-4901 *et seq.*

### Stuart's Claims Are Barred Under The UPCPA

"[Idaho Code] § 19-2719 does not eliminate the applicability of the UPCPA to capital cases, but it supersedes the UPCPA to the extent that their provisions conflict." *McKinney v. State*, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999). Therefore, even if I.C. § 19-2719 is unconstitutional, the underlying applicability of the UPCPA is unchanged and would apply to Stuart's case. Stuart's appeal was finalized in 1985. *State v. Stuart (Stuart I)*, 110 Idaho 163, 165, 715 P.2d 833, 835 (1985). As the statute of limitations in 1985 was five years, Stuart's

ability to raise collateral attacks on his sentence would have run in 1990. 1979 Idaho Sess. Laws, ch. 133, § 1, p. 428 (amending the UPCPA to a five-year statute of limitations).

Recently, in *Rhoades v. State*, this Court suggested that claims of ineffective assistance of counsel would not qualify for equitable tolling under the UPCPA. 148 Idaho 247, 220 P.3d 1066; *see also Charboneau v. State*, 144 Idaho 900, 174 P.3d 870 (2007) (applying a two-step process for identifying equitable tolling under the UPCPA). Because, as discussed below, there are serious due process issues with regard to instances where the same counsel represented petitioners during trial, appeal and in post-conviction proceedings, I would apply I.C. § 19-2719's "reasonably known" criterion to claims of ineffective assistance of counsel. The question under this analysis is both if and when Stuart's claim of ineffective assistance of counsel might have reasonably been known. As the Court notes, Stuart was appointed substitute counsel in 1995. While failure to provide substitute counsel on direct appeal or during initial post-conviction proceedings rendered those claims not "reasonably known" such that they might have initially been equitably tolled, they would have become reasonably known upon appointment of substitute counsel. Because substitute counsel was appointed in 1995, and Stuart's ineffective assistance claims were only raised in this fourth petition for post-conviction relief in December 2002, those claims were not raised within a reasonable time after becoming reasonably known and are now barred.[6]

Stuart's prosecutorial misconduct and disclosure claims would not qualify under the equitable tolling scheme described in *Charboneau v. State*, 144 Idaho 900, 174 P.3d 870 (2007), for all of the reasons cited by the Court. Stuart's argument that the district court judge dismissed the case without holding an evidentiary hearing has no more application under the UPCPA than it does under the Court's I.C. § 19-2719 analysis. It is still the burden of the party asserting equitable tolling to show that such tolling is warranted and to submit evidence tending to show that his claim was valid. I.C. § 19-4906; *Charboneau*, 144 Idaho at 905, 174 P.3d at 875 (describing the petitioner's burden to show timeliness as equivalent to I.C. § 19-2719). Therefore I would concur.

---

[6] This issue was briefly raised and rejected in *Rhoades*. 148 Idaho at ___, 220 P.3d at 1072. No significant argument was made regarding the due process implications and we had no reason to reconsider our previous holdings with regard to ineffective assistance of counsel in these cases. "A party waives an issue cited on appeal if either authority or argument is lacking . . . ." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

**Applying I.C. § 19-2719 to Ineffective Assistance Claims Poses Serious Due Process Issues Such that Ineffective Assistance Claims Should Qualify For Equitable Tolling Or the "Not Reasonably Known" Exception to I.C. § 19-2719**

Since I would find Stuart's claims to be barred, it could be argued that the constitutional issues of I.C. § 19-2719 could be ignored. "[T]he court will not pass upon questions of unconstitutionality until presented in a cause demanding rulings thereon." *Twin Falls Canal Co. v. Huff*, 58 Idaho 587, 599, 76 P.2d 923, 928 (1938). However, as the majority reaches these questions, I feel compelled to address them as well.

"Procedural due process requires that a party be provided with an opportunity to be heard at a meaningful time and in a meaningful manner." *Paul v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 134 Idaho 838, 843, 11 P.3d 34, 39 (2000). Where a petitioner is represented by the same counsel at trial and in initial post-conviction proceedings, there is simply no way for a petitioner to raise claims of ineffective assistance. That is, there is no opportunity provided for these claims to be heard. In *State v. Rhoades*, 120 Idaho 795, 806, 820 P.2d 665, 676 (1991), we noted that a determination of whether a given provision offends due process is governed by the balancing test laid out by the U.S. Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *Mathews* laid out three factors: (1) the interest at stake; (2) the risk of erroneous deprivation of the interest and the probable value of additional or substitute safeguards; and (3) the government's interest. *Mathews*, 424 U.S. at 335. *Rhoades* stated that the Court's focus was "the third prong of the *Mathews v. Eldridge* test[:] we must determine whether or not I.C. § 19-2719 provides an adequate process to prevent erroneous results and to ensure that death sentences are not carried out so as to arbitrarily deprive a defendant of his life."[7] *Rhoades*, 120 Idaho at 806, 820 P.2d at 676. The Court ruled that the forty-two day period prescribed by I.C. § 19-2719 was not "unduly burdensome." *Id.*

However, the Court's ruling was made on general terms regarding the expedited post-conviction process and nowhere addressed the specific question of whether asking trial counsel representing petitioners during initial post-conviction proceedings frustrated ineffective assistance claims. This consideration, I would find, changes the *Mathews* calculus considerably.

---

[7] The Court stated that according to the first prong of *Mathews* inquiry "the defendant's interest is in being afforded an adequate opportunity to present legal and factual issues in his defense." *Rhoades*, 120 Idaho at 806, 820 P.2d at 676. I would note that the real concern is in being afforded an adequate opportunity to present legal and factual issues in his defense *to avoid being put to death*, thus implicating the single most serious act that the government can take against an individual.

Here, the interest of allowing petitioners to vindicate their fifth and sixth amendment constitutional rights, in the face of a death sentence, is undoubtedly serious. The government's interest in the finality of death sentences and their expeditious handling, while important, would not be significantly weakened by allowing those claims to be heard. I would therefore find that, as applied to ineffective assistance claims where the same counsel represents petitioners at trial and during initial post-conviction proceedings, requiring those claims to be brought within the forty-two day period following judgment would effectively stifle an individual's right to have those claims heard and would violate procedural due process.

Notably, our legislature has recognized this fact. As *Hoffman* notes:

Effective August 8, 1995, the Idaho Legislature amended Idaho Code § 19-2719 to require an "Inquiry Into the Need For New Counsel." The 1995 provision provides, in relevant part:

After the imposition of a sentence of death, the trial judge should advise the defendant that, upon a particularized showing that there is a reasonable basis to litigate a claim of ineffective assistance of trial counsel, new counsel may be appointed to represent the defendant to pursue such a claim in a post-conviction proceeding.

236 F.3d at 534 n.15 (quoting I.C. § 19-2720).

Finally, though I reach this conclusion, in other circumstances, concerns of stare decisis would lead me to conclude that *Rhoades* should be affirmed in light of the significant reliance on I.C. § 19-2719's statutory scheme by the legislature, prosecutors and petitioners. *Scott v. Gossett*, 66 Idaho 329, 335, 158 P.2d 804, 807 (1945) ("Decisions construing the Constitution should be followed, in the absence of cogent reasons to the contrary, as it is of the utmost importance that our organic law be of certain meaning and fixed in interpretation.") (citation omitted). However, the Ninth Circuit's decision in *Hoffman* suggests that this Court might reasonably reconsider this issue at this point. We have never before addressed *Hoffman* and the fact that *Hoffman* squarely presents the issue raised here indicates that reconsideration is in order. *Smith v. State*, 93 Idaho 795, 801, 473 P.2d 937, 943 (1970) *superseded by statute* ("The court in the proper performance of its judicial function is required to examine its prior precedents."). My conviction that this is an appropriate point to reconsider this question is emphasized by the fact that our decision in the 1991 *Rhoades* case was couched in general terms such that the Court was simply not considering this particular question.

Based on these considerations, I would find that, as applied to cases where a petitioner was represented by the same counsel at trial and during initial post-conviction proceedings, I.C. § 19-2719 would offend due process although, because Stuart has already had the opportunity to raise these claims after the appointment of Mr. Chapman, I would concur that Stuart's claims are time-barred.

## Idaho Code § 19-2719 Is Jurisdictional And Therefore Unconstitutional

I acknowledge that I.C. § 19-2719 has faced various constitutional challenges in the past and that it has survived these challenges. *Hairston v. State*, 144 Idaho 51, 56-57, 156 P.3d 552, 558-59 (2007); *Lankford v. State*, 127 Idaho 100, 102, 897 P.2d 991, 993 (1995); *State v. Card*, 121 Idaho 425, 430-31, 825 P.2d 1081, 1086-87 (1991); *State v. Rhoades*, 121 Idaho 63, 72, 822 P.2d 960, 969 (1991); *Rhoades*, 120 Idaho at 806, 820 P.2d at 676; *State v. Paz*, 118 Idaho 542, 559, 798 P.2d 1, 18 (1990); *State v. Fetterly*, 115 Idaho 231, 235-36, 766 P.2d 701, 705-06 (1988); *State v. Beam*, 115 Idaho 208, 211-13, 766 P.2d 678, 681-83 (1988). In this context, again, concerns of *stare decisis* give me pause before finding that I.C. § 19-2719 is, in fact, unconstitutional. Nevertheless, based on Stuart's argument that I.C. § 19-2719 violates the separation of powers provisions of the Idaho constitution, I would find that the statute is unconstitutional based upon the following discussion.

While challenges based on retroactivity and ex post facto application were presented in *Paradis v. State*, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996), neither of the relevant provisions of the state constitution governing separation of powers, namely article V, section 13 and article V, section 20, are cited in any of our previous I.C. § 19-2719 jurisprudence. "It is an accepted rule of statutory construction that constitutional issues should be avoided, but when this Court is squarely presented with a constitutional issue, as in this proceeding, it must rule on the issue." *Thompson v. Hagan*, 96 Idaho 19, 24, 523 P.2d 1365, 1370 (1974).

The plain language of I.C. § 19-2719 is jurisdictional. Subsection 5 of the statute reads in relevant part that "[t]he courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief." "When construing a statute, the words used must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole." *Athay v. Stacey*, 142 Idaho 360, 365, 128 P.3d 897, 902 (2005) (citation omitted). A court's jurisdiction *is* its power to take particular actions. "'Jurisdiction over the subject matter' has been . . . defined as referring to . . . the power of a court to hear and determine cases of the

general class to which the particular one belongs . . . ." *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (quoting 20 Am. Jur. 2d *Courts* § 70 (1995)).

As I.C. § 19-2719(5) is jurisdictional in nature, it violates both Idaho Const. art. V, §§ 13 and 20.[8]  Article V, Section 13 reads:

> The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution . . . .

Article V, Section 20 reads: "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."  We have stated that "[t]he word 'jurisdiction' refers to the subject-matter jurisdiction of the district courts." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003).  While the district court made its ruling based on our decision in *Kirkland v. Blaine County Medical Center*, that decision specifically distinguished statutes such as this that "purport[ ] to limit the exercise of the judiciary's constitutional powers *or jurisdiction*." 134 Idaho 464, 471, 4 P.3d 1115, 1122 (2000) (emphasis added).

Idaho Code Section 19-2719(5)'s language does not admit the possibility of reading it as a statute of limitations.  Statutes of limitations are optional rather than mandatory and may be waived.  According to the language of I.C. § 19-2719, there is no waiver possible.

> Raising a statute of limitations as bar to a remedy does not deprive a court of jurisdiction to hear the cause in the first instance; the court could not adjudicate the question of the proper application of the statute if it did not have subject matter jurisdiction.

51 Am. Jur. 2d *Limitation of Actions* § 21 (2009).  But the language of I.C. § 19-2719 states that the courts of Idaho have no power to consider any claims, rendering that language jurisdictional. It is likewise notable that this language regarding the power of the courts, exists nowhere else in the Idaho Code.  The legislature is keenly aware of how to enact statutes of limitations (indeed, how to enact statutes of limitations in post-conviction relief contexts) and yet only in I.C. § 19-

---

[8]  It seems well established that the legislature may regulate personal jurisdiction in Idaho's courts.  *See e.g. Doggett v. Elecs. Corp. of Am., Combustion Control Div.*, 93 Idaho 26, 30, 454 P.2d 63, 67 (1969) (discussing Idaho's long-arm statute).  However, I.C. § 19-2719 cannot be read as governing personal jurisdiction.  Persons facing a death sentence in Idaho are permitted to file suits complaining of their conditions of confinement or to sue private parties or to bring other actions in the courts of Idaho.  Rather, it is the subject matter – any claim that reasonably should be known within 42 days of judgment in post-conviction relief – that is confined by I.C. § 19-2719.

2719 does the phrase "[t]he courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief" occur. Ultimately, I.C. § 19-2719 is an attack on the general jurisdiction of Idaho courts. The Idaho Constitution will not permit this.

The conclusion that I.C. § 19-2719 is a jurisdictional statute is supported by an array of decisions. *Hairston*, 144 Idaho at 59, 156 P.3d at 560 ("The Court's jurisdiction in this case is governed by I.C. § 19-2719, not Rule 35. Hairston may not avoid the jurisdictional limitations of I.C. § 19-2719 by filing a Rule 35 motion."); *Creech v. State*, 137 Idaho 573, 575, 51 P.3d 387, 389 (2002) ("[T]his Court only has jurisdiction to review the allegations in Creech's successive petition to determine whether his claims were known or reasonably could have been known within statutory time limits set by Idaho Code § 19-2719 and are, therefore, barred."); *Lankford v. State*, 127 Idaho at 101, 897 P.2d at 992 (describing "the jurisdictional bar of I.C. § 19-2719").

While the majority cites to *Stuart v. State (Stuart II)*, 118 Idaho 865, 873, 801 P.2d 1216, 1224 (1990) and *Sivak v. State*, 134 Idaho 641, 650, 8 P.3d 636, 645 (2000), I remain unconvinced that either of these cases are sufficient to overcome the plain language of the statute combined with the series of cases in which this Court has ruled that I.C. § 19-2719 is a jurisdictional statute. The ruling in *Sivak*, Justice Trout's dissent notwithstanding, can easily be read as one raising the question as to whether the particular withheld evidence constituted a new claim, such that there would not even be a question with regard to the "reasonably known" inquiry as opposed to what the Court saw as a secondary question, i.e. whether a claim was reasonably known. *Sivak*, 134 Idaho at 646-49, 8 P.3d at 641-44 (2000). As for *Stuart II* (and, indeed, *Stuart v. State (Stuart III)*, 118 Idaho 932, 801 P.2d. 1283 (1990) (also brought under the UPCPA framework), it is not without precedent that the courts of Idaho have found jurisdiction where, belatedly, they realized they had none. *See, e.g. Daw ex rel. Daw v. School Dist. 91 Bd. of Trustees*, 136 Idaho 806, 808, 41 P.3d 234, 236 (2001); *Kleiner v. Kleiner*, 130 Idaho 930, 930, 950 P.2d 1269, 1269 (1998); *Van Tine v. Idaho State Ins. Fund*, 126 Idaho 688, 689, 889 P.2d 717, 718 (1994). Further, this court's decisions have usually phrased it's powers in terms that it "may" review jurisdiction sua sponte. *See, e.g., Erickson v. Idaho Bd. of Registration of Professional Engineers and Professional Land Surveyors*, 146 Idaho 852, 854, 203 P.3d 1251, 1253 (2009); *Johnson v. Blaine County*, 146 Idaho 916, 924, 204 P.3d 1127, 1135 (2009); *In re Quesnell Dairy*, 143 Idaho 691, 693, 152 P.3d 562, 564 (2007). Therefore, a closer reading of

*Stuart II* and *Stuart III* is that the Court simply failed to address the applicability of I.C. § 19-2719 rather than making an oblique statement regarding the nature of that statute.

Determining I.C. § 19-2719 to be unconstitutional on separation of powers grounds implicates this court's statement of the "presumption in favor of the constitutionality of the challenged statute or regulation, and the burden of establishing that the statute or regulation is unconstitutional rests upon the challengers. An appellate court is obligated to seek an interpretation of a statute that upholds it constitutionality." *Am. Falls Reservoir Dist. No. 2 v. Idaho Dep't of Water Res.*, 143 Idaho 862, 869, 154 P.3d 433, 440 (2007) (internal citations omitted). When confronted with the plain language of the statute, combined with a series of decisions by this Court which state that I.C. § 19-2719 is jurisdictional, reading the statute as a statute of limitations is no longer "seeking an interpretation" of the statute but rewriting it.

Therefore, while I agree with the Court's conclusion that Stuart's claims are time-barred, I cannot agree with its reasoning. I concur.