## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 48081

| | |
|---|---|
| MARK DOUGLAS HUBER, | ) |
| | ) Filed: February 17, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAY CHRISTENSEN, Warden, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Ransom Bailey, Magistrate.

Order of the district court, on intermediate appeal, affirming the magistrate court order dismissing appeal, affirmed.

Mark D. Huber, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark A. Kubinski, Deputy Attorney General, Boise, for respondent. Respondent did not participate on appeal.

_____

GRATTON, Judge

Mark Douglas Huber appeals from the district court's decision on intermediate appeal affirming the magistrate court's order dismissing his appeal. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Huber was found guilty of rape and lewd conduct with a minor under sixteen. Huber was sentenced to concurrent, unified terms of thirty years with fifteen years determinate. This Court affirmed Huber's sentences and the denial of his Idaho Criminal Rule 35 motion for reduction of sentences. *State v. Huber*, Docket No. 39222 (Ct. App. Apr. 27, 2015) (unpublished). Huber then filed a petition for post-conviction relief, the denial of which was also

1

affirmed by this Court. *State v. Huber*, Docket No. 46897 (Ct. App. Aug. 21, 2020) (unpublished).

Huber next filed a state habeas corpus petition alleging actual innocence. Huber challenged the validity of his conviction, arguing that new evidence proved his innocence. The magistrate court dismissed his petition, concluding that state habeas corpus does not provide a remedy for his claims. Rather, a post-conviction petition pursuant to the Uniform Post-Conviction Procedure Act is the correct vehicle to challenge the validity of a conviction. The district court affirmed the magistrate court's order. Huber timely appeals.

## II.

## ANALYSIS

Huber argues that both the magistrate court and district court erred in dismissing his habeas petition and request for counsel. Specifically, Huber argues that he is challenging the conditions of his confinement under Idaho Code § 19-4203(2), which is reviewable in a habeas petition.

An in-state prisoner may petition for habeas corpus "to request that a court inquire into state or federal constitutional questions concerning: (a) The conditions of his confinement; (b) Revocation of parole; (c) Miscalculation of his sentence; (d) Loss of good time credits; (e) A detainer lodged against him." I.C. § 19-4203(2). "Habeas corpus shall not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceedings under Idaho criminal rule 35 or the uniform post-conviction procedures act, chapter 49, title 19, Idaho Code, and the statutes of limitations imposed therein." I.C. § 19-4203(4). "Post-conviction procedure acts have replaced the writ of habeas corpus for the purpose of challenging the validity of a conviction." *Stuart v. State*, 149 Idaho 35, 47, 232 P.3d 813, 825 (2010).

Huber states that he is challenging the conditions of his confinement, rather than the validity of his conviction. Upon review of the record, we disagree. The purpose of Huber's petition is clearly to put forward new evidence that challenges the validity of his conviction. None of his filings mention the conditions of his confinement outside of the fact that he is confined at all, which he repeatedly challenges as illegal due to his actual innocence. We agree with the district court's holding that Huber's petition challenged the validity of his conviction, and as habeas corpus does not provide a remedy in such cases, we affirm the dismissal of Huber's appeal.

While Huber also states that the district court erred in dismissing his request for counsel, he provides neither argument nor authority to support his position. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

## III.

## CONCLUSION

The district court did not err by dismissing Huber's appeal. Accordingly, we affirm the district court's decision on intermediate appeal affirming the magistrate court's order dismissing Huber's habeas corpus petition.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.